PAUL R. EVANS, ADMINISTRATOR (ESTATE OF NORMA C. EVANS) *v.* RUTH M. DICKINSON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 9—decided November 26, 1940.

*Isaac Nassau,* for the appellant (plaintiff).

*Louis W. Schaefer,* for the appellee (defendant).

AVERY, J. This action was brought by the plaintiff as administrator to recover damages for the death of the plaintiff's intestate, Norma C. Evans, alleged to have been caused by the negligence of the defendant in the operation of an automobile. By way of special defense, the defendant in her answer affirmatively alleged that the injury and death of the plaintiff's decedent were caused by her own negligence. The case was tried to the jury and a verdict returned in favor of the plaintiff which the trial court, upon motion, set aside upon the ground that upon the evidence the jury could not reasonably have found that the death of the decedent was not caused by her own negligence. The only question involved upon this appeal is whether the trial court was justified upon the evidence in setting aside the verdict of the jury.

Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found the facts as follows: Silas Deane Highway runs north and south in the town of Wethersfield and Church Street intersects it at right angles, running east and west. At the intersection, Silas Deane Highway consists of a concrete portion twenty feet wide with shoulders ten feet in width on each side. There is a tarred line in the center which divides the concrete portion into two lanes. Church Street at the intersection is forty feet wide. There is an overhead stop light in the

center of the intersection. The sequence of the light is from green to yellow to red and the light was working at the time the plaintiff's decedent was injured. On November 30, 1938, at about 8 a. m., a bus was parked on the east shoulder of the Silas Deane Highway near the intersection of Church Street, facing north. Several people were getting onto the bus. The defendant at that time was operating an automobile in a northerly direction on the Silas Deane Highway at a fast rate of speed and struck the plaintiff's decedent, a high school girl of about fifteen years of age, within the intersection, causing injuries from which she died. The plaintiff's decedent had alighted from an automobile which had stopped on the north side of Church Street easterly of the Silas Deane Highway. She crossed from the north side to a point somewhat north of the south side of Church Street and proceeded to cross Silas Deane Highway. She passed some distance in front of the front end of the bus and was struck by the defendant's automobile when she had reached a point on the west half of the traveled part of Silas Deane Highway.

That the defendant was negligent in several particulars is not disputed. The only question involved in this appeal is whether the plaintiff's decedent was guilty of contributory negligence as a matter of law, which would bar the plaintiff's right of recovery. It is provided by statute in actions of this character that if the person who sustained the injury dies prior to the action, it shall be presumed that such person was in the exercise of reasonable care and that if contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant, and the burden of proving such contributory negligence shall rest upon the defendant. General Statutes, Cum. Sup.

1935, § 1654c, set forth in the footnote.[1] In setting aside the verdict, the trial court was of the opinion that the defendant had established contributory negligence on the part of the plaintiff as a matter of law. As the court viewed the evidence, it appeared to it that the plaintiff crossed the street in front of an approaching automobile when the traffic control light was set red against her; in effect, that she came from a position very close in front of the stationary bus and was immediately hit. There is evidence tending to sustain this position. On the other hand, there is evidence that when the plaintiff's decedent crossed Silas Deane Highway she passed in front of the stationary bus and that when she was struck by the defendant's automobile she had reached a point on the west half of the traveled part of that highway and was hit by the middle of the front of the car.

With respect to the traffic light, there is no evidence in the record as to the timing of the light or the duration of each color scheme. The only evidence bearing upon the question of whether the light was set red against the decedent as she crossed the street was produced by the defendant. One of the witnesses was a young lady who testified that she was riding on the left-hand side of the rear seat of the defendant's automobile, that she noticed that the light was green

---

[1] Sec. 1654c. PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person, if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant, and the burden of proving such contributory negligence shall rest upon the defendant. The provisions of this section shall not apply when the person or persons charged with the negligence shall die as a result of said act or acts.

"quite a way back," and after the accident she looked back and the light was green. Another of the witnesses riding in the defendant's car stated that he observed that the traffic light was green on Silas Deane Highway when the automobile was two hundred to four hundred feet from the intersection. The defendant herself testified that as she approached the intersection the light was green. Another witness stated that he saw the accident as he was running to take the bus, that he paid his fare, got into the bus and looked out through a window and observed the traffic light just changing to green as the bus started forward.

If the light was green upon Silas Deane Highway, it was red upon Church Street and against the decedent and vice versa. It was for the jury to determine to what extent they would credit the testimony of these witnesses and to determine whether or not the defendant had sustained the burden of establishing contributory negligence upon the part of the decedent. We cannot say upon this record that the jury could not reasonably have found that the defendant had failed to establish that the light was set against the plaintiff's decedent as she started to cross Silas Deane Highway before the accident. Unless they found it was so set they could have concluded that negligence upon her part in crossing in front of the defendant's approaching car was not established, because if the light facing her showed green, she had the right of way (General Statutes, § 395) and they could have found that she might reasonably have expected the defendant's car to stop before entering the intersection. Under all the circumstances of this case, the decision was one of fact for the jury and not of law for the court.

It follows that the trial court was in error in setting aside the verdict of the jury.

There is error and the cause is remanded. to the Superior Court with direction to enter judgment on the verdict.

In this opinion the other judges concurred.