THOMAS CATRICOLA vs. JOHN F. HAYES ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th—decided December 8th, 1931.

*Hugh J. Lavery,* with whom was *H. Frederick Day,* and, on the brief, *George N. Finkelstone,* for the appellant (defendant Algieri).

*George Dimenstein,* with whom, on the brief, was *Justus J. Fennel,* for the appellee (plaintiff).

PER CURIAM.  The plaintiff while crossing a street in Stamford was struck by an automobile being driven by the defendant Algieri as the servant and agent of the defendant Hayes.  The finding, which cannot be corrected in any material respect, states that before crossing the street the plaintiff looked in the direction from which the automobile was coming and saw it, but that it was so far away that he could reasonably expect to cross in safety.  Believing this to be so he continued across the street without looking again until he was within two feet of the further curb when he was struck.  He cannot be held to have been guilty of contributory negligence as a matter of law.  *Porcello* v. *Finnan,* 113 Conn. 730, 156 Atl. 863.  The defendant driver admittedly saw the plaintiff, then in the middle of the street, in a position of peril, when he was one hundred feet away, but continued without reducing his speed so that if need arose he could avoid striking him.  The conclusion of the trial court that the defendant driver was negligent is one which it might reasonably have reached.  In the course of the trial the plaintiff amended his complaint by adding certain allegations which might have enabled him, upon proper proof, to invoke the doctrine of the last clear chance.  But his act in so doing did not preclude the trial court from giving judgment for the plaintiff upon the basis it

did, his freedom from contributory negligence and the negligence of the defendant driver.

There is no error.