ROSE SHERMAN, ADMINISTRATRIX (ESTATE OF ARTHUR
S. SHERMAN) *v.* WILLIAM M. RYAN & SONS,
INC. ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 3—decided July 15. 1941.

*Charles V. James,* with whom, on the brief, was
*Arthur M. Brown,* for the appellants (defendants).

*George C. Morgan,* with whom was *Harry Schwartz,*
for the appellee (plaintiff).

ELLS, J. Upon a previous trial of this case the jury
rendered a verdict for the plaintiff, but we ordered a
new trial because of an error in the charge. The pres-
ent appeal is from the denial of the defendants' motion
to set aside the verdict, and the defendants having
conceded upon their oral argument that there was
evidence sufficient to establish their negligence, it con-
cerns solely the question whether the plaintiff's in-

testate was guilty of negligence as a matter of law, which negligence was a substantial factor in producing the injuries which resulted in his death.

The facts which the jury might reasonably have found, restricted to a summarization of those material to the purposes indicated by the limited scope of the appeal, are as follows: On January 19, 1938, Arthur Sherman, a boy nine years of age, was proceeding northerly along Summit Street in Norwich on his way to school. The day was very cold, and the street was covered with snow which had been plowed from the center, leaving a traveled space about sixteen feet wide, worn smooth and slippery by traffic, with a ridge of snow about thirty inches high along each side of it. There were no sidewalks. The boy was walking on the westerly side of the plowed way dragging a sled. Two other boys were walking ahead of him in single file, each with a sled. As the defendants' automobile approached from the opposite direction, it was traveling down hill in about the middle of the street, but as it approached the children the operator veered it toward the easterly side without slackening its speed of twenty to twenty-five miles an hour. When it had reached a point about fifteen feet from the boy immediately ahead of the plaintiff's intestate, the boy shouted, "Look out, here comes a car," whereupon Arthur walked rapidly or ran into the side of the automobile, the left wheels of which were then in the edge of the snow bank on the easterly side of the highway. The car skidded and continued for a distance of eighty to one hundred feet before it stopped. No horn was blown. The street was straight and there was no other traffic on it. Arthur wore a stocking cap which was pulled down over his face because of the bitter cold. There were holes in the cap at about where the eyes would naturally be when the cap was pulled down. It did

not interfere with his walking along the highway directly following the other boys. The jury could have reasonably inferred that his purpose in walking or running to his right, as he did at the shout of warning, was to cross from the side of the street upon which an approaching car would naturally proceed to the other side of the road, where he would be, under ordinary circumstances, in a place of safety, and they could have found that in fact he was well beyond the middle of the road when the accident occurred.

Under the well established rule, the extent of the duty resting upon this nine year old boy was to exercise such care as may reasonably be expected of children of similar age, judgment and experience. *Johnson* v. *Shattuck,* 125 Conn. 60, 65, 3 Atl. (2d) 229; *Marfyak* v. *New England Transportation Co.,* 120 Conn. 46, 50, 179 Atl. 9. In the latter case, we said (p. 51): "Age is only one of the elements to be considered, along with experience and judgment, the latter, involving discretion and power of self control, being predominant." Whether the jury found that the cap was pulled down so that the boy could not see very clearly where he was going, or, as is more probable, that he could see through the holes, it was still a question of fact whether upon all the evidence, including of course that which concerned his age, judgment and experience, he exercised such care as may reasonably be expected of children of similar age, judgment and experience. Upon the facts which the jury could properly have found we cannot say that they could not reasonably have concluded that he exercised such care. *Lynch* v. *Shearer,* 83 Conn. 73, 74, 75 Atl. 88.

This conclusion is strengthened by the fact that this being a death case, the statute places the burden of proof upon the defendant to prove contributory negli-

gence.   General Statutes, Cum. Sup. 1935, § 1654c; Cum. Sup. 1939, § 1399e.   The plaintiff did not allege due care on the part of her intestate; the defendant affirmatively pleaded contributory negligence.

There is no error.

In this opinion the other judges concurred.