EDWARD GARDINER ET AL. v. RICHARD E. HAYES.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 9—decided November 7, 1941.

*Ralph O. Wells,* for the appellant (defendant).

*Martin J. Mostyn,* with whom, on the brief, were *Warren Maxwell* and *James F. Brennan,* for the appellees (plaintiffs).

AVERY, J. The plaintiff, a police officer of the city of Hartford, in the performance of his duty on April 6, 1940, at about 12:45 a.m., was crossing Park Street from the north to the south side to quell a disturbance, when he was struck by an automobile operated by the defendant and was injured. The case was tried to the court and judgment rendered in favor of the plaintiff, from which the defendant has appealed, asking that the finding of the trial court be corrected in certain particulars and claiming that as so corrected contributory negligence is established as a matter of law. Contributory negligence was alleged by the defendant in his answer and the burden of establishing it was upon him. General Statutes, Cum. Sup. 1939, § 1399e.

The pertinent facts found by the court are these: Park Street runs east and west, is forty feet from curb to curb, well lighted, and in the block between Broad and Lawrence Streets, where the plaintiff was injured, it has a slight downgrade from west to east. There are two sets of trolley tracks in the center of the street and from the southerly rail of the eastbound track to the south curb is twelve and sixty-five one-hundredths feet. The plaintiff started to cross from the north to the south side at a pace characterized as "stepping lively." When he had proceeded half way across, he looked to the west and saw the defendant's automobile approaching, the car straddling the southerly rail of the eastbound track and proceeding at a speed of from twenty to twenty-five miles per hour. The trial court, from all the evidence, reached the conclusion that the distance of the defendant's car when the plaintiff looked and saw it approaching was more than seventy-five feet. After observing the defendant's car, the plaintiff walked at a rapid pace, continuing his progress across the street, and was struck when he had passed to the south of the line of direction in which the defendant's car was being operated when the plaintiff observed it. While the plaintiff was proceeding from the point where he observed the approaching automobile to the point where he was struck, the defendant swerved to the right towards some cars parked on the south side of the street and thereafter made a sudden swerve to the left to avoid hitting a parked car, and struck the plaintiff. It was a clear night, the road was dry, the lights on the defendant's car were properly burning and the brakes were in good condition. The defendant, however, was intoxicated and his negligence is admitted.

The essential claim of the defendant is that the precise point at which the plaintiff was struck was not

south of the line of direction in which the defendant's car was approaching when observed by the plaintiff, but was in fact in that line; and that the plaintiff was negligent as a matter of law in taking close chances and crossing in front of the approaching vehicle. The defendant contends that the finding of the court that the plaintiff when struck had passed beyond the line of direction of the approaching automobile is not supported by the evidence and is inconsistent with other findings, particularly with a finding that at the time the plaintiff was struck he had reached a position on the street "where he only had two or three steps to go before getting in between" cars parked upon the south side of the street. The defendant contends that these parked cars probably extended five feet or more from the curb and the plaintiff when struck was two or three steps north of them; that he had proceeded at a rapid pace about eight feet from the center of the road to that point after observing the defendant's automobile; that the time which elapsed before the plaintiff was struck after he observed the approaching automobile was very short; that the place of the collision was in the line of direction from which the automobile was approaching; and, therefore, that the plaintiff was negligent as a matter of law in failing to keep a proper look-out as the automobile approached and in stepping immediately in front of it.

This attempt to fix the time and distance by a "mathematical calculation based upon figures which are at best mere estimates and approximations, is not convincing." *Porcello* v. *Finnan*, 113 Conn. 730, 732, 156 Atl. 863. Moreover, the finding is not that the plaintiff had two or three steps to take before reaching the sides of the cars further from the curb, but that he had that distance to go before getting in between them, thus leaving the point from which the distance

covered by the steps is to be measured somewhat indefinite. No material correction can be made in the finding. In *Catricola* v. *Hayes,* 114 Conn. 716, 717, 157 Atl. 271, we held that a pedestrian who before crossing a street looked and saw an automobile, but so far away that he could reasonably expect to cross in safety, could not be held guilty of contributory negligence as a matter of law, although he continued to cross the street without looking again until he was struck when near the further curb. In the present case the trial court was justified in concluding that the plaintiff, after he observed the approach of the defendant's car, might reasonably have assumed that there was ample time to cross the street without further observation, especially since he was entitled to assume that the defendant would proceed with reasonable care as to speed, control, look-out and warning appropriate to the situation and with due regard to the rights of pedestrians. *Skovronski* v. *Genovese,* 124 Conn. 482, 485, 200 Atl. 575.

The case of *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, relied upon by the defendant, is not in point. That case arose before the amendment, Cum. Sup. 1939, § 1399e. The plaintiff, crossing the street at night, failed entirely to see a car which was approaching with lights aglow, although had he looked he must have become aware of it, and we held that there was no basis in the evidence to support a finding by the jury that the plaintiff had sustained the burden of proving that he was in the exercise of reasonable care.

The finding supports the conclusion of the trial court that the defendant failed to sustain the burden of proving the contributory negligence of the plaintiff.

There is no error.

In this opinion the other judges concurred.