HARRY ROSEN *v.* ISADORE GOLDSTEIN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 3—decided February 17, 1942.

*Martin E. Gormley,* for the appellant (defendant).

*Nathan Rubin,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered when, while walking across Legion Avenue in the city of New Haven, he was struck by an automobile operated by the defendant. A verdict was rendered in his favor and this appeal is from the denial of the defendant's motion to set that verdict aside. The jury might reasonably have found the following facts: The accident occurred about 6 p. m. on February 14, 1941. It was after dark. A light rain was falling. The plaintiff, wearing a brown overcoat, was walking in an easterly direction along the south side of the avenue on his way to a tailor shop on the north side. At a point one hundred feet or more westerly from the intersection of the avenue with Orchard Street he started to cross the avenue in a diagonal direction, passing in the rear of a truck parked by the south curb. Upon stepping out from behind the truck he looked in both directions, saw no automobiles approaching, and an overhead traffic light at the corner of the avenue and Orchard Street showed red in his direction. When he was within five or six feet of the northerly curb he was struck by the defendant's car, proceeding in a westerly direction, which he had not seen. The place of the accident was some ninety to one hundred feet westerly of the west curb of Orchard

Street. The defendant had stopped for the red light at the intersection and when it changed proceeded, shifting into second gear and increasing his speed until he was going fifteen to eighteen miles an hour at the time of the accident. He did not see the plaintiff until almost the instant he struck him. His car was properly equipped with brakes and with headlights which, under ordinary conditions, would make it possible to see two hundred feet ahead. There was no wiper on the right hand side of the windshield of his car, and this interfered with his vision to the right. After striking the plaintiff the car was stopped within a very short distance.

Whether the defendant ought, in the exercise of reasonable care, to have seen the plaintiff in time to have avoided the accident by stopping or swerving his car was a question of fact for the determination of the jury. The burden was upon the defendant to prove that the plaintiff was guilty of contributory negligence; General Statutes, Cum. Sup. 1939, § 1399e; and we cannot hold as matter of law that the only reasonable conclusion was that he had sustained that burden. *Catricola* v. *Hayes,* 114 Conn. 716, 157 Atl. 271; *Skovronski* v. *Genovese,* 124 Conn. 482, 200 Atl. 575; *Gilman* v. *Pott,* 125 Conn. 729, 5 Atl. (2d) 851; *Keeling* v. *Neuss Floor Covering Co., Inc.,* 126 Conn. 716, 14 Atl. (2d) 33; *Marini* v. *Wynn,* 128 Conn. 53, 20 Atl. (2d) 400. The doctrine of these cases is that where a pedestrian crossing or about to cross a street looks in both directions to see if automobiles are approaching and sees none or sees one approaching at a distance, the question is whether a reasonably prudent man in such a situation would reasonably believe that he could cross in safety; this is ordinarily a question of fact, although the circumstances may be such that the jury could not reasonably conclude otherwise than that the

plaintiff was negligent. *Puza* v. *Hamway*, 123 Conn. 205, 211, 193 Atl. 776. *Hizam* v. *Blackman*, 103 Conn. 547, 131 Atl. 415, a case relied on by the defendant, was held to fall into the latter category. The record of that case discloses an important fact not mentioned in the opinion, that the distance the plaintiff, who was deaf, traveled from the time he stepped off the sidewalk until he was struck, at a point about in the middle of the street, was over one hundred and fifty feet. While proceeding this distance along the street he did not look to see whether any car was approaching from behind him. As to the case of *Paskewicz* v. *Hickey*, 111 Conn. 219, 149 Atl. 671, it is sufficient to point out that in that case the jury rendered a verdict for the defendant and we held that they might properly have found the plaintiff guilty of contributory negligence, and, indeed, that upon the facts as they might have found them he was guilty of contributory negligence as matter of law. Both of these cases are clearly distinguishable from the one before us.

There is no error.

In this opinion the other judges concurred.