ALFONSO LAFEMINA *v.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided December 5, 1945.

*Martin E. Gormley,* for the appellants (defendants).

*Alfonse C. Fasano,* for the appellee (plaintiff).

BROWN, J. These material facts appear from the court's finding, which is not subject to correction: At about 10 p.m. on May 2, 1944, the defendant Martin, as agent of the named defendant, was driving its automobile with headlights on low beam easterly on Wooster Street in New Haven at about twenty miles per hour. The weather was fair and the black pavement, which was twenty-nine feet nine inches between curbs, was dry. A small truck headed east was parked at the curb some eighty feet west of the plaintiff's house on the south side of the street. There was no street light which illuminated the immediate vicinity of the house. The plaintiff was a man seventy-four years old with good eyesight and able to walk without a cane. He was dressed in dark clothing. At a point on the north side of the street slightly to the west of a point opposite his home, the plaintiff, who was about to cross, stopped at the curb and looked both ways. Although he should have seen the headlights of the defendants' car, then approaching from the west at a point some two hundred feet or more away, he failed to do so. He proceeded to step off the curb and walk across the street at a slow gait on a course slightly to the east of south. While so crossing he did not look again to either his right or his left, and remained

oblivious of danger from the defendants' oncoming car until he was struck by it.

Martin as he proceeded saw the parked truck and turned his car to the left to avoid it, bringing the left side of his car to the center line of the street. Meantime one or more cars were approaching from the east. To afford them plenty of clearance Martin immediately, upon passing the parked truck, turned his car back to the right and continued on an angle toward the southerly curb. While on this course, he saw the plaintiff, who was then but a step or two from the southerly curb, for the first time. He immediately applied his brakes, causing tire burns twenty-four feet long upon the pavement, but the extreme right front of his car, at a point about four feet from the curb, struck the plaintiff and seriously injured him. The easterly end of the tire burn caused by the right front wheel was about four feet from the curb; seventeen feet farther back the tire burn was about eight feet from the curb.

The court concluded as follows: The defendant driver was negligent in failing to keep a proper lookout and in failing to see the plaintiff as he was crossing the street; the plaintiff was negligent in failing to keep a proper lookout, but this negligence was not a substantial factor in causing his injuries; the defendant driver's negligence was the sole proximate cause of the accident in that, although the plaintiff had at one time placed himself in danger, he had unwittingly removed himself from it only to be brought back into it by what Martin did. The defendant driver's failure to discover the presence of the plaintiff in the street until after he had turned his car on a diagonal course to the right, in conjunction with his failure to avoid running down the plaintiff close to the south curb, affords ample support for the court's determination that negligence of

the defendants was a substantial factor in causing the plaintiff's injury. The only remaining issue is whether the plaintiff's negligence in not keeping a proper lookout was also a substantial factor, barring recovery by reason of his contributory negligence. The burden of proof on this issue was on the defendant. General Statutes, Cum. Sup. 1939, § 1399e.

While there is no express finding of how far east of the parked truck the plaintiff was when struck, other facts which are found indicate that this distance was from forty to forty-five feet. The fact that the place where the plaintiff was hit was within four feet of the south curb and less than three car lengths from the parked truck is important in testing the court's conclusion that his negligence in failing to keep a proper lookout did not constitute contributory negligence. The question is whether the plaintiff failed to keep the lookout which a reasonably prudent man would have maintained under the circumstances and, if so, whether this was a substantial factor in producing his injury. The court's second and third conclusions recited above, considered together, make sufficiently clear that, while it concluded that at least up to the time the plaintiff, in crossing the street, had passed in front of the parked truck he was negligent in failing to keep a proper lookout, neither this nor any failure thereafter to keep such a lookout amounted to negligence which was a substantial factor in producing his injury. We cannot say as a matter of law, especially in the light of the cited statute relating to the burden of proof, that, even though the plaintiff was charged with knowledge that the Martin car was approaching from the west, his failure to keep any lookout in that direction after passing in front of the truck was a substantial factor in producing his injury under the circumstances. In view of his proximity to the truck and

to the south curb, whether his conduct constituted con-
tributory negligence or not was a question of fact for
the trier to determine, having in mind that after pass-
ing in front of the truck the plaintiff was in no danger
of being struck until Martin turned his car to the right,
after which it was apparently too late for the plaintiff
to escape.

There is no error.

In this opinion JENNINGS, ELLS and DICKENSON, Js.,
concurred; MALTBIE, C. J., dissented.