MARTIN A. LUTZEN, ADMINISTRATOR v.
HENRY JENKINS TRANSPORTATION COMPANY, INC., ET AL

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 74698

Memorandum filed June 18, 1946.

*Warren Maxwell,* of Hartford, and *Irving Levine,* of Hartford, for the Plaintiff.

*Phillip R. Shiff,* of New Haven, and *John G. Appel,* of New Haven, for the Defendant.

COMLEY, J. The principal ground of the motion is based upon that portion of the charge in which the jury were told that if Marie Lutzen walked into the side of the defendant's truck she was guilty of contributory negligence as a matter of law.

The plaintiff relies upon the rule that "where a pedestrian crossing or about to cross a street looks in both directions to see if automobiles are approaching and sees none or sees one approaching at a distance, the question is whether a reasonably prudent man in such a situation would reasonably believe that he could cross in safety; this is ordinarily a question of fact . . . ." *Rosen v. Goldstein,* 128 Conn. 605, 607. Or, as it is put in *Gardiner* v. *Hayes,* 128 Conn. 332, 336, "a pedestrian who before crossing a street looked and saw an automobile, but so far away that he would reasonably expect to cross in safety, could not be held guilty of contributory negligence as a matter of law, although he continued to cross the street without looking again . . . . especially since he was entitled to assume that the defendant would proceed with reasonable care as to speed, control, look-out and warning appropriate to the situation and with due regard to the rights of pedestrians." See also *Catricola* v. *Hayes,* 114 Conn. 716. It is also pointed out in *Evans* v. *Dickinson,* 127 Conn. 297, 301, that where a pedestrian starts to cross a street with a green traffic light facing him he may continue to cross with a reasonable expectation that cars will stop before entering the intersection.

It seems to me that there is a vital distinction between these cases and the instant case. In all of them the plaintiffs were struck by the defendants' vehicles because they walked in front of them. Having looked and seen no vehicle within a distance which would make it dangerous to cross, each of them proceeded into the path of an oncoming vehicle. That is not the instant case. Granting that there was some evidence to the effect that the traffic light at the corner of Burnside Avenue and Church Street was in Marie's favor when she started to cross the street, the fact remains that, in this portion of the charge, the court was dealing with the theory, as to which

there was ample evidence, that the truck never struck her in the sense that she was in the path of the truck but that she walked into the side of the truck after the tractor portion of the truck, where the defendant's driver was sitting, had passed her.

It is difficult to see how a person who walks into the side of such a vehicle can be said to be in the exercise of reasonable care. Assuming that a green light in her favor might have absolved Marie from the obligation of again looking to her left for vehicles and that it would have justified her in assuming that any vehicle approaching from her left would proceed with due regard for her rights. it does not follow that she could excusably walk head-on into the side of a vehicle which had already entered the path which she was taking. She did not step into the path of an oncoming vehicle; she walked blindly into the side of a vehicle which was already in her path.

The right of one person to assume that another will act in obedience to the law never carries beyond the point where it is or should be apparent that the other is not so acting. Even though this truck wrongfully went through a red light and even though Marie was entitled to assume that it would not do so, surely there can be no doubt that, at the moment she stepped into the side of it, she should have known that it was there.

The motion to set aside the verdict is denied.