ROBERT PRIFTY *v.* CITY OF WATERBURY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 6—decided June 4, 1947

*Maurice T. Healey* and *John A. Membrino,* for the appellant (defendant).

*George H. Lynch* and *James M. Lynch,* for the appellee (plaintiff).

DICKENSON, J. This is an action, based upon nuisance, for personal injuries suffered by a seven-year-old boy as a result of the fall of an ornamental cannon in a public park. The jury reasonably could have found the following facts: Hamilton Park is a city park in Waterbury comprising about eighty-five acres. Among other features it has a swimming pool, a pavilion for dancing, baseball diamonds and tennis courts. It is patronized extensively. A single highway, Plank Road, runs through the park. A small house, known as Liberty House, was erected in the park a short distance north of Plank Road, and in 1919 a cannon, captured in the first World War, was placed near it. A much used path to a garden beyond the Liberty House passed close by the cannon. The cannon weighed about three thousand pounds. Its two wheels and spade, or trail, were placed on cement blocks sunken in the ground, and fastened to the blocks. The cannon was exposed to the weather and for a long time prior to the accident the mechanism for depressing and turning the barrel was rusted and corroded and would not operate. Without a chain securing the trail, if the barrel was depressed, the trail would rise. Four or five days before the accident the Liberty House was removed to be used for a war bond drive and this necessitated moving the cannon. It was placed on level ground a few feet away from its former location with the trail and wheels unfastened. The

plaintiff at times and other children through many years had played on and about the cannon when it was in its original position. There were no warning signs prohibiting this, nor had the plaintiff ever been ordered away from it.

On September 1, 1942, the plaintiff and six other children were playing on and about the cannon in its new location. The plaintiff grasped its barrel from a position beneath it, threw his legs over it and squirmed out to the end as he and other boys had done many times before without harm when the cannon was in its original location. While he was doing this, two companions who had been sitting in seats in front of the shield of the cannon were getting off. The trail rose up, the barrel went down and its muzzle pinned the plaintiff's head to the ground, inflicting serious injury. A boy companion lifted the muzzle from the plaintiff's face and he was taken to a hospital.

The defendant's principal claims on the evidence in connection with the denial of its motion to set aside the verdict, its only assignment of error, were that when the cannon was moved the trail was fastened by a stake to the ground, and that even without this fastening the plaintiff was of insufficient weight to have depressed the barrel in the manner claimed, a weight of one hundred and thirty pounds being necessary to accomplish this. There was no question but that the barrel had in fact been depressed. The jury might have found either that no stake was driven in the ground, or that, if it was, it was insufficient to secure the trail. The jury further reasonably might have found that the cannon, in its new location, was imminently and inherently dangerous to children lawfully playing on and about

it, and had been in this condition for several days with no attempt on the part of the defendant to correct it. The defendant contends that even under these circumstances the real cause of the injury would be the negligence of its employees in failing to anchor the cannon, and not the creation of a nuisance by removing it to its new position, and that it would be exempt from liability for negligence as a governmental agency.

In *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 390, 155 A. 499, we said that where a municipal corporation creates and maintains a nuisance, it is liable for damages irrespective of whether the misfeasance or nonfeasance causing the nuisance also constituted negligence and we cited *Colwell* v. *Waterbury,* 74 Conn. 568, 572, 51 A. 530, to the effect that the rule which exempts municipalities from liability when their employees are acting in discharge of a public duty does not relieve them from liability for the consequences of particular acts which the municipality has directed to be performed and which, from their character or the manner in which they are so ordered to be executed, will naturally work a direct injury to others or create a nuisance. It is no defense to liability that the nuisance was created by the ministerial act of the city's employees. See *Karnasiewicz* v. *New Britain,* 131 Conn. 691, 694, 42 A.2d 32. "A municipality, while not liable for the negligence of its agents and employees engaged in the exercise of its governmental functions, may be liable for a nuisance which they create." *Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, 11 A.2d 399.

In its original location the cannon was so fastened to the ground that it was immovable as regards any use of it which the defendant reasonably should

have anticipated. Had it been left unfastened at that time, it might well have been found to be a nuisance. The question is whether moving it to another location without properly fastening it constituted it a nuisance or whether this was simply negligence of the city employees in failing to fasten it. We see no distinction between the original placing and the subsequent one in this respect except that the latter was claimed to be temporary. Temporary or not, it had existed in the second position for a period of four or five days, at a time of year when the park was extensively used by children in play. See *Bush* v. *Norwalk*, 122 Conn. 426, 428, 189 A. 608. Whether or not a particular condition in a public park constitutes a nuisance involves a consideration of all relevant circumstances as well as the inherent nature of the condition. See *Balaas* v. *Hartford*, 126 Conn. 510, 514, 12 A.2d 765. Children had played on and about the cannon for many years; in fact, the plaintiff's mother had done so as a child. The jury could have found that children had played upon it without prevention or interference of park authorities. In wartime it was particularly to be expected that it would attract children. The jury reasonably could have found that the cannon so placed constituted a nuisance.

A second claim of the defendant is that there was negligence on the part of the plaintiff that would bar recovery. Even if the nuisance in question did not come within the class of "intentional" nuisances which preclude a defense of contributory negligence (see *Beckwith* v. *Stratford*, 129 Conn. 506, 511, 29 A.2d 775), the defense would not be tenable. Particularly in view of the fact that the plaintiff and other boys had climbed out on the cannon when

in its original location, as the former did in this instance, without the barrel coming down, the jury could have found that this seven-year-old boy was not under a duty reasonably to anticipate such an occurrence. The question was one of fact for their determination. *Sherman* v. *William M. Ryan & Sons,* 128 Conn. 182, 184, 21 A.2d 378.

There is no error.

In this opinion the other judges concurred.