LOUIS BARAGLIA *v.* VIRGINIA M. BRILHART

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 2—decided June 30, 1948

*Joseph V. Fay, Jr.*, with whom was *Harrison D. Schofield*, for the appellant (defendant).

*John J. Bracken*, with whom, on the brief, was *Cornelius D. Shea*, for the appellee (plaintiff).

JENNINGS, J.   The plaintiff, a pedestrian, was struck and injured by a car driven by the defendant. The only assignment of error pursued is the action of the trial court in denying a motion to set aside the verdict made on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The jury reasonably could have found the following facts pertinent to this issue: The plaintiff, fifty-one years of age, left his work in Middletown on March 18, 1946, and was given a ride to his home at 50 Marlborough Street in Portland. He left the car opposite his home and stood on the south side of Marlborough Street, which runs east and west. At the point in question the road is of the dual lane type with an esplanade 15 feet wide in the center. Both lanes are of concrete. The northerly, for westbound traffic, is 26.1 feet wide. The southerly, for eastbound traffic, is 23 feet wide. The plaintiff's house is about midway between two street lights 385 feet apart. The road is straight to the east with a slight downward grade and free from obstructions to sight. A person standing on the esplanade in front of No. 50 has a clear view for some distance to the east. This distance was not measured and the estimates varied between 600 and 1700 feet.

The defendant left her home at 6:40 p.m. and was late for an appointment in Middletown. She was traveling west on this same highway at a speed

stated by her to be thirty-five to forty miles per hour. The jury could, however, reasonably have found her speed to have been greater. It was dark, clear and dry.

The plaintiff allowed the car in which he had been riding to pass him, also another car traveling east. He then crossed to the north side of the esplanade and looked to his right twice. He saw nothing to indicate that a car was approaching. He started straight across the northerly lane, heard the screeching of brakes and was struck on his right side and injured by the defendant's car. He did not see the car until it struck him. He was wearing blue pants, a white shirt and a light jacket. The defendant testified that she did not see the plaintiff until she was within twenty feet of him. This would justify an inference by the jury that her lights were not as bright as she said they were and that therefore there was less likelihood of the plaintiff's noticing them. As soon as she saw him she put on her brakes and swung her car to the right but could not avoid him.

The precise question in this case is whether the plaintiff was guilty of contributory negligence as a matter of law because he failed to discover the car of the defendant approaching from his right. Statements might be quoted from the earlier cases which support the defendant's claim that the answer should be in the affirmative. She cites none bearing out her contention which have been decided since the passage of § 1399e of the 1939 Cumulative Supplement to the General Statutes. Before that amendment, the burden of establishing due care on the part of the plaintiff was on him. *Kotler* v. *Lalley,* 112 Conn. 86, 90, 151 A. 433; *Gardiner* v. *Hayes,* 128 Conn. 332, 336, 22 A. 2d 627. Since its passage, the plaintiff is presumed to be in the exercise of due care, and the bur-

den of proving his contributory negligence is on the defendant. *Sherman* v. *William M. Ryan & Sons, Inc.,* 128 Conn. 182, 184, 21 A. 2d 378; *Chase* v. *Fitzgerald,* 132 Conn. 461, 465, 45 A. 2d 789. It is difficult to establish error in the conclusion of the jury because they have the power to disregard the evidence offered by the defendant entirely or to hold it insufficient to sustain the burden cast on him by the statute. The following cases, *Chase* v. *Fitzgerald,* supra, *Rosen* v. *Goldstein,* 128 Conn. 605, 24 A. 2d 840, and *LaFemina* v. *International Brotherhood,* 132 Conn. 420, 45 A. 2d 158, decided under the statute, and *Skovronski* v. *Genovese,* 124 Conn. 482, 200 A. 575, decided just before its enactment, were all factually similar to the case at bar. Contributory negligence was in issue and in none of them was the plaintiff's judgment disturbed. See also *Lutzen* v. *Henry Jenkins Transportation Co.,* 133 Conn. 669, 54 A. 2d 267. As was said in that case (p. 673): "It is of course true that one must make a reasonable use of his senses in order to avoid danger. This involves a mental process, however, and the attention required is proportioned to the danger reasonably to be apprehended. . . . Whether the plaintiff's decedent was guilty of contributory negligence . . . was a question of fact for the jury and not one of law for the court." In the case at bar, it was dark, the area of visibility was not definitely established and the presence of street lights may have made recognition of the defendant's car lights more difficult, in view of their character and the speed of the car. The question of the contributory negligence of the plaintiff was one of fact for the jury. The

694

denial of the motion to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.