DOUGLAS McCLURE ET AL. *v.* THE CONNECTICUT
COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued May 4—decided June 21, 1949.

*S. Gene Munford,* for the appellants (defendants).

*Cornelius D. Shea,* with whom was *Leon Podorow-sky,* for the appellees (plaintiffs).

DICKENSON, J. This is an action arising out of a collision between a bus and a passenger car at a street intersection. The plaintiffs, passengers in the car, recovered verdicts against the defendants, owner of the bus and its operator. A motion to set the verdicts aside

was denied. The defendants have appealed from the judgment.

Two claims of error are pursued in the defendants' brief: (1) That the trial court erred in refusing to allow the defendants to open the case to meet an amendment to the complaint which the plaintiffs were permitted to make during their final argument, and also erred in the charge in relation to the amendment; and (2) a ruling on evidence. No exception was taken to the latter and we do not consider it. Practice Book § 359.

During the final argument of the plaintiffs, they made the claim to the jury that the bus operator had "cut the corner" and so had violated a statute (Rev. 1949, § 2489) and was negligent. The court interrupted the argument, pointing out that the complaint contained no such claim of negligence but that as there was evidence that the bus had not passed to the right of the intersection of the centers of the highways the court would permit an amendment to the complaint. Thereupon the complaint was amended by adding the following allegation: "The defendants were negligent and careless in that the defendant driver Evans failed and neglected to keep said bus to the right of the intersection of the centers of said highways." No objection was made to the allowance of the amendment at that time, but at the conclusion of the plaintiffs' argument defendants' counsel said that he wished "to object to the motion because it was made after all the evidence was in, after the defendant had concluded his argument to the jury. The defendant had absolutely no chance to rebut." The court stated that the case had not been submitted to the jury and asked the defendants if they wished an opportunity to rebut at that time. The defendants answered in the affirmative. The court then stated that the jury would be called in and the defendants would be given an oppor-

tunity to argue on the point, the motion of the defendants having been directed to the fact that they had not had that right. Thereupon counsel for the defense said "No; I haven't had a chance to put in evidence on that point." The court then said: "The pleadings must conform to the evidence and I am granting the motion so that the pleadings may conform to the evidence. . . . There is sufficient evidence along that line, at least to my way of thinking; so upon our return from recess you may again take the floor. I shall grant it to you with no limitations at all." Thereupon counsel for the defense said: "Your Honor, I'll take back my motion."

The defendants' claim before us is that the only permission then given by the court was to argue the case further and that they were denied any opportunity to put in additional evidence. The motion to which the defendants objected was obviously for permission to file the amendment. The trial court evidently understood, as it reasonably could have, at least until the defendants' counsel spoke specifically of the fact that he had not had an opportunity to put in evidence, that, first, the ground of objection was that the defendants had concluded their argument and had no chance to answer the plaintiffs' argument, and that, second, this ground was advanced as a reason for not permitting the amendment. The court gave the defendants an opportunity to argue but it was declined and they withdrew their motion. No motion for permission to put in additional evidence was made at the time. After the case had been given to the jury, the defendants moved to reopen it to introduce evidence. The motion was denied. No motion for permission to offer evidence was made before the case was committed to the jury, and after it was committed the motion to reopen for that purpose could not be granted. Gen-

eral Statutes, Rev. 1930, § 5654 (Rev. 1949, § 7969), provides in part: "After the cause shall have been committed to the jury, no pleas, arguments or evidence shall be received before the verdict shall be returned into court and recorded." The statute is definite and contains no exceptions. This leaves no basis on which to consider the defendants' claim of error on the ground that they were deprived of an opportunity to put in evidence to show that because of the type of the vehicle and the character of the intersection it was impracticable for the bus to turn without passing to the left of the center of the intersection.

The defendants assign error in the charge as it related to the impracticability of the bus's making a left turn without passing to the left of the center of the intersection. There were no requests to charge and the only exceptions to the charge that we consider are those raised at its conclusion. Practice Book § 156. The trial court, at the conclusion of its original charge, asked counsel if they took exception to it and the defense counsel stated: "I wish to make one, Your Honor, in that when talking about making a turn at the center of the intersection it should be done so to the right of the intersection as far as practicable." The trial court later charged upon the issue of the impracticability of keeping to the right of the center referred to by this exception, and the defendants then excepted on the ground that they had not been given an opportunity to introduce evidence on that point. The defendants, in this exception, made no claim that there was no evidence on the subject but only that they had not been given an opportunity to offer evidence on it. This was not a proper attack on the charge; it was no more than a reference to the failure to allow the defendants to reopen the case to adduce

such evidence, and this we have already disposed of. There is no error.

In this opinion the other judges concurred.