ELIZABETH JACEK, ADMINISTRATRIX (ESTATE OF MI-
CHAEL SAPACH) *v.* THEODORE BACOTE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 15—decided August 9, 1949.

*Leon E. McCarthy,* with whom, on the brief, was *Joseph J. Chernauskas,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellees (defendants).

ELLS, J.   The plaintiff's intestate, a pedestrian, was struck and killed by an automobile driven by the named defendant and owned by his wife, the other defendant.   The jury rendered a verdict for the defendants.   The plaintiff has appealed from the trial court's refusal to set it aside and from the judgment.

The facts which the jury reasonably could have found may be summarized.   The Bridge Street bridge spans the Naugatuck River at Ansonia and is a main artery of traffic between two sections of the city.   It is 850 feet long and the roadway is 39 feet wide.   There are sidewalks on both sides, and there are no crosswalks.   From the east end of the structure to approximately the middle there is a rise of 19.44 feet, and from the middle to the west end there is a descent of about six feet.   On April 5, 1947, about 6:30 p. m., the named defendant drove to the east end of the bridge, stopped to allow traffic coming from it to pass, then drove onto it and proceeded westerly.   A light rain was falling, both windshield wipers were working and the lights were lit on low beam, although it was not yet dark.   He traveled in a straight line on his own right-hand side of the road, about one and one-half feet from the northerly curb, with his car in low gear for about 100 feet and then in second gear.   He was looking straight ahead.   When he reached the top of the elevation in the middle of the bridge, his car was traveling at twenty to twenty-five miles per hour and

he was preparing to shift into high gear. He momentarily glanced down at the shift lever and when he looked up he saw a black object in the road in front of him, ten or twelve feet away. He pulled his car to the left and started to apply the brakes but struck the object with the right front of his car. He did not, at that time, know what it was. The plaintiff's intestate had stepped off the curb of the north sidewalk directly in front of the car and was struck by it. He was wearing a brown overcoat and carrying an open umbrella over his head.

Upon the foregoing facts, it is evident that the trial court did not err in refusing to set the verdict aside. Whether the defendant driver, in the exercise of reasonable care, should have seen the plaintiff's intestate in time to have avoided the accident by stopping or swerving his car was a question of fact for the jury. *Rosen* v. *Goldstein,* 128 Conn. 605, 607, 24 A. 2d 840. The defendants produced evidence which, if believed by the jury, was ample to warrant a finding that the plaintiff's intestate failed to exercise ordinary care under the circumstances which confronted him and that his negligence was a proximate cause of his injury and death. The plaintiff seeks to avoid the latter consequence by challenging the credibility of the eyewitness who testified that the decedent stepped suddenly from the north curb directly into the path of the car. It was for the jury to determine the credibility of witnesses and the weight and effect of their evidence. We can give little weight to the mathematical calculations of the plaintiff based upon mere estimates of distances or speed made by the witnesses. *Gardiner* v. *Hayes,* 128 Conn. 332, 335, 22 A. 2d 627. From the entire evidence, which is voluminous, we are satisfied that the jury, in the proper exercise of their powers, might fairly have found a verdict for the defendants.

Whether or not we could accept in its entirety the reasoning of the trial court in its memorandum of decision in denying the motion to set the verdict aside is not of consequence. *Doherty* v. *Connecticut Co.*, 133 Conn. 469, 476, 52 A. 2d 436.

At the conclusion of the charge, the plaintiff took exception to the court's review of the evidence relating to the decedent's position on the bridge before and at the time of the accident. A colloquy between the court and plaintiff's counsel terminated with the latter's statement: "I think the charge is a very fair charge." This may well be considered to have been a withdrawal of the exception. In any event, the charge as a whole, including a part added to it at the request of plaintiff's counsel, clearly shows that the court left it to the jury to decide where the decedent was just before and at the time of the accident and that the jury could not have been misled.

Error is assigned as to several rulings on evidence. The question asked of a police officer, who arrived at the scene of the accident two minutes after it occurred, whether or not the lights on the defendant's car were lit, should have been admitted, but the evidence we have consulted in determining the correctness of the trial court's denial of the motion to set the verdict aside shows unmistakably that it was daylight at the time and even the street lights were not lit; the exclusion of the question could have caused no harm to the plaintiff. The same officer was asked where the hat and umbrella of the decedent were in the roadway after the accident; as the trial court pointed out, such articles, unlike heavy objects, are not likely to fall directly to the earth and are easily displaced when they do; the jury would be apt to give undue weight to the testimony sought as indicating the place of the accident; and it was within the discretion of the court to exclude

the question. *State* v. *Wade,* 96 Conn. 238, 248, 113 A. 458. The defendant driver was a Negro, and in cross-examination of a witness for the plaintiff a question directed to showing prejudice of the witness towards Negroes was not improper. A further question, excluded by the court, is claimed by the plaintiff to have been such that it must have caused prejudice in favor of the defendants; the plaintiff merely objected to the question and not only did not seek a mistrial on account of it but did not ask an immediate admonition or a charge to the jury as to it; and we cannot hold that it was so likely to have swayed the jury in arriving at their verdict as to be ground for a new trial. *Furber* v. *Trowbridge,* 117 Conn. 478, 482, 169 A. 43. The plaintiff conceded in oral argument and in her brief that no one of the rulings by itself constituted reversible error but she claimed that "taken as a whole, they indicate a limitation and restriction of cross-examination concerning relevant facts which was beyond the discretion of the trial Court to prohibit and could not fail to prejudice the plaintiff's case." The claim is without merit.

There is no error.

In this opinion the other judges concurred.