NICOLO PERUGINI *v.* DOMINICK J. CASSONE, JR.

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued February 8—decided April 4, 1950.

*Samuel Engelman*, for the appellant (defendant).

*Frank J. DiSesa*, for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought this action to recover damages for personal injuries alleged to have been negligently inflicted when he was struck by the defendant's automobile. The defendant by his answer denied that any negligence on his part caused the plaintiff's injuries and alleged that the plaintiff himself was guilty of contributory negligence. The only issues submitted to us for determination are whether the findings should be corrected and whether the court's conclusions as to negligence and contributory negligence can be sustained.

The accident occurred on Spruce Street in Stamford about 5 p. m. on August 3, 1947, a clear summer day. Spruce Street extends in a northerly and southerly direction through a thickly populated neighborhood. The vehicular portion of the street is straight and level and about twenty feet wide, with a sidewalk on each side. The plaintiff and his friend, Ottoviano, had been driven by Frank Fideli in his automobile southerly along the street to Cassone's Bakery, located on the westerly side, where Fideli intended to purchase some bread. Fideli parked his car headed south in front of the bakery. There were other cars parked to the front and rear of his car on the same side of the street. He remained seated behind the steering wheel, and the plaintiff, to whom he had given a dollar for the purchase, went into the bakery to buy the bread. So much of the facts is not in serious dispute.

The defendant asks that sweeping changes be made in the finding and claims that conclusions contrary to those reached by the court should be drawn therefrom. The finding with the corrections to which the defendant is entitled shows these further facts: The plaintiff came out of the bakery carrying four loaves of bread which he had purchased for Fideli. Before entering

the street, he looked in both directions and saw no vehicles approaching from either direction. He stopped in the roadway opposite the driver's seat of the Fideli car, where he had an unobstructed view of the defendant's approaching car. He handed the bread and the change to Fideli. As he stood there momentarily, he told Fideli that he wanted to go across the street to get some cigarettes. He turned to cross the street, walked some five or six feet easterly and was struck and thrown to the ground by the left front fender of the defendant's car as it proceeded northerly. The defendant intended to park his car in the bakery driveway and, as he proceeded north, focused his attention on the sidewalk and driveway to his left and so did not see the plaintiff anywhere in the highway until his car was almost upon him. The defendant sounded no warning. The plaintiff was crossing the middle of the block where there was no crosswalk. Upon these facts the plaintiff claimed that the defendant was negligent in that he failed to sound his horn, was not keeping a proper lookout and failed to avoid striking the plaintiff. The defendant's version of the accident was that he was driving north close to the easterly curb at a speed of not more than fifteen miles per hour. While he intended to park in the driveway of the Cassone Bakery, he was looking ahead when suddenly the plaintiff, without looking, darted out from between two cars and ran into his left front fender. Upon the sharply conflicting testimony it was for the trial court to determine the facts. The evidence discloses that the finding is not subject to other correction than as stated above, and the facts recited support the court's conclusion that the defendant was negligent. *La Femina* v. *International Brotherhood of Teamsters*, 132 Conn. 420, 424, 45 A. 2d 158; *Rosen* v. *Goldstein*,

128 Conn. 605, 607, 24 A. 2d 840; *Marini* v. *Wynn,* 128 Conn. 53, 55, 20 A. 2d 400.

Under § 7836 of the General Statutes, the burden of proof of contributory negligence was upon the defendant. The finding as corrected warrants the trial court's conclusion that he failed to discharge this burden. The trier of facts, court or jury, upon the issue so presented has "the power to disregard the evidence offered by the defendant entirely or to hold it insufficient to sustain the burden cast on him by the statute." *Baraglia* v. *Brilhart,* 134 Conn. 690, 693, 60 A. 2d 504; Practice Book §§ 353, 356. While the plaintiff's own testimony may not make clear that he exercised the highest degree of care, since he would naturally have looked to his left as he turned and proceeded across the street to watch out for cars coming towards him on the west side of the street and was apparently struck down at a point in about the middle of the roadway, we cannot hold that his conduct in failing to see the defendant's car before he did constituted contributory negligence as a matter of law.

There is no error.

In this opinion the other judges concurred.