## JULIA ANTZ *v.* FRED COPPOLO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 3—decided July 3, 1950

*William T. Holleran* and *Arthur B. O'Keefe, Jr.,* with whom, on the brief, was *Arthur B. O'Keefe, Sr.,* for the appellant (defendant).

*Francis J. Moran,* with whom were *John E. McNerney* and *John J. Kinney, Jr.,* for the appellee (plaintiff).

BALDWIN, J. This is a negligence action in which the defendant appeals from the denial of his motion to set aside the verdict and from the judgment, claiming that the trial court erred in the charge to the jury. He also assigns error as to the finding.

The finding, including the minor corrections to which the plaintiff is entitled, discloses the conflicting claims of the parties. These were the plaintiff's claims of proof: On March 17, 1947, in midafternoon, she parked her automobile headed north against the easterly curb of Front Street opposite Talmadge Street in New Haven. Front Street runs in a general northerly and southerly direction and is twenty-five feet wide and paved with concrete. Talmadge Street extends westerly from Front Street but does not cross it. About twenty-five feet south of Talmadge Street, Exchange Street intersects Front Street from the west. At the Exchange Street intersection there is a bend in Front Street of approximately six degrees so that north of that point it bears to the east. Otherwise it is straight for several hundred feet both to the north and to the south. There is a sidewalk on its westerly side but none on its easterly side. The plaintiff, a visiting nurse, after she had called at a house on the west side of Front Street, walked southerly to the northwest corner of Talmadge and Front Streets, intending to cross to her car. Upon reaching the corner, she looked to the south and saw the defendant's truck traveling north along the middle of Front Street at a point south of Exchange Street. She looked to the north and saw nothing coming. She took one step into the street and stood with her heels against the curbing waiting for the truck to pass. The defendant was operating his truck at a speed of thirty miles per hour. At this time Arnold Amore, a thirteen-year-old boy, was riding a bicycle south on Front Street about three feet westerly of the center line. When the defendant's truck reached the intersection of Exchange Street, the Amore boy, then about twenty to twenty-five feet north of the plaintiff, turned to his right to within four feet of the west curb of Front Street to let the truck pass. The

defendant, in order to pass the plaintiff's parked car, swerved to his left of the center line of Front Street to a point within three feet of where the plaintiff was standing. The boy when about three feet from the plaintiff had to turn sharply farther to his right and apply his brakes to avoid being hit by the truck. As the front of the truck passed the plaintiff she was struck by the bicycle, thrown to the pavement and seriously injured. There was not room for the bicycle to go between the plaintiff and the truck. The plaintiff claimed that the defendant's negligence was the cause of her injuries.

The claims of proof of the defendant were: After making a delivery, he drove his truck out of a driveway on the east side of Front Street about sixty-five feet south of Talmadge Street and turned to proceed north on Front Street. He was operating his truck in second gear at a speed of ten to fifteen miles per hour. As he drove northerly on the easterly side of Front Street he turned to the left side of the street to go around the plaintiff's parked car, the left side of his truck coming within about four feet of the westerly curb. After passing the parked car, he turned back to his right and continued north. His truck met the plaintiff about twenty feet north of Talmadge Street. At this time she was on the west sidewalk walking south. He met the Amore boy riding his bicycle about forty to one hundred feet north of Talmadge Street. His truck was about one hundred feet north of Talmadge Street when the plaintiff was struck by the bicycle. Fifty feet farther on he heard a woman calling to him. He stopped, went back and found the plaintiff lying in the street at the northwest corner of Front and Talmadge Streets. The plaintiff was struck by the Amore boy's bicycle just as she stepped from the sidewalk into the street. The boy could not stop because his bicycle had no brakes. The plaintiff did not see the bicycle at any

time before she was struck. The defendant's truck did not strike the plaintiff or the bicycle. The plaintiff was guilty of contributory negligence in failing to see the bicycle approaching her.

At the conclusion of the charge, counsel for the defendant stated an objection. What he then said, interpreted in the light of the language of his assignment of errors, was apparently directed at the claimed failure of the court to charge the jury on the question of supervening negligence. To comply with the rule, a written request should have been filed. Practice Book § 156. In *Syms* v. *Harmon,* 134 Conn. 653, 656, 60 A. 2d 166, we recently said: "The purpose of these requirements is apparent. The principles named are important, and an opportunity should be afforded the trial court to place them in their proper relation to the rest of the charge if it is to be intelligible to the jury. If a charge on them is omitted and the omission is first called to the court's attention after the charge has been delivered, it would in many cases be very difficult to add a charge on them in such a way as to help the jury. The rule is reasonable and this portion is mandatory."

The defendant's objection to the court's failure to charge the jury as to the meaning of proximate cause was sufficient under the rule. He maintains, citing *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 A. 762, that the charge failed to comply with the law in that the court did not state that the defendant's negligence "must not only have been a substantial factor but that the substantial factor must have continued down to the moment of damage or at least down to the setting in motion of the final active injurious force which immediately produced the damage."

In testing the charge, "the question is not whether every possible situation was covered but whether the charge, read as a whole, was correct in law and ade-

quate as a guide to the jury." *Olderman* v. *Bridgeport-City Trust Co.*, 125 Conn. 177, 181, 4 A. 2d 646. The charge, examined from the viewpoint of the defendant's specific criticism, discloses no reversible error. *Pilon* v. *Alderman*, 112 Conn. 300, 301, 152 A. 157; *Smirnoff* v. *McNerney*, 112 Conn. 421, 424, 152 A. 399; *Connellan* v. *Coffey*, 122 Conn. 136, 141, 187 A. 901; *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 653, 2 A. 2d 220.

The other assignments of error directed to the charge are not considered. The defendant filed no written requests to charge and made no oral objections at the close of the charge on the points now urged in these assignments of error. Practice Book § 156; *Proto* v. *Bridgeport Herald Corporation*, 136 Conn. 557, 563, 72 A. 2d 820; *McClure* v. *Connecticut Co.*, 135 Conn. 599, 602, 67 A. 2d 407.

There was no error in the refusal of the trial court to set aside the verdict. Upon the evidence, the jury could reasonably and logically have found that the defendant was negligent in swinging so close to the left or westerly curb of Front Street in passing the parked car that he forced Amore to turn his bicycle and strike the plaintiff as she stood in the street close to the curbing. *Block* v. *Pascucci*, 111 Conn. 58, 60, 149 A. 210; *Cuneo* v. *Connecticut Co.*, supra, 651; *DeMunda* v. *Loomis*, 127 Conn. 313, 315, 16 A. 2d 578; *Edgecomb* v. *Great Atlantic & Pacific Tea Co.*, 127 Conn. 488, 491, 18 A. 2d 364; *Pappaceno* v. *Picknelly*, 135 Conn. 660, 664, 68 A. 2d 117. Looking back from the result, the jury could reasonably have found that the act of the defendant was a substantial factor in causing the plaintiff's injuries. *Kilduff* v. *Kalinowski*, 136 Conn. 405, 409, 71 A. 2d 593; *Lombardi* v. *Wallad*, 98 Conn. 510, 516, 120 A. 291. Upon all the evidence, we cannot hold that the plaintiff was guilty of contributory negligence as a matter of law. *Perugini* v. *Cas-*

*sone,* 136 Conn. 550, 553, 72 A. 2d 652; *Baraglia* v. *Brilhart,* 134 Conn. 690, 692, 60 A. 2d 504.

There is no error.

In this opinion the other judges concurred.