[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT CITY OF DANBURY'S MOTION TO STRIKE PORTIONS OF THE FIFTH AMENDED COMPLAINT
CT Page 1115
The above-captioned action concerns claims by the plaintiffs for damages resulting from the operation of the Danbury landfill. By an order issued January 6, 1999, this court granted in part a motion to strike claims against the City of Danbury in the plaintiffs' fourth amended complaint. The plaintiffs have pleaded over, and the City of Danbury ("City") has moved to strike nine counts of the fifth amended complaint: Counts 4, 5, 8, 11, 12, 14, 15, 16 and 17.
Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferrymanv. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39.
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Bohan v. Last, 236 Conn. 670, 675 (1996); Sassonev. Lepore, 226 Conn. 773, 780 (1993); Novametrix Medical Systems,Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1998). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v Ballaro,31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v.CBS, Inc., 196 Conn. 191, 108 (1985); Fortini v. New England LogHomes, Inc., 4 Conn. App. 132 134-35, cert. dismissed,197 Conn. 801 (1985).
Counts 4 and 5 "John Doe" claims
Counts 4 and 5 of the current complaint, like counts 4 and 5 of the prior complaint, allege tortious conduct by unnamed John Doe employees of the City of Danbury, who have been neither named nor served with process. For the same reasons that these claims were stricken in the court's January 6, 1999 ruling on the motion to strike the prior complaint, these counts are stricken. CT Page 1116
Count 8 Strict liability
In pleading over, the plaintiffs again allege that operating a landfill is an inherently ultrahazardous activity to which the doctrine of strict liability applies. This claim repeats the claim of strict liability stricken by this court in the January 6, 1999 ruling. The plaintiffs allege that they have amended their factual allegations to include the claim that the activity alleged to be ultrahazardous is the City's "acceptance, over the last five or six decades, of a variety of carginogenic, teratogenic, and otherwise toxic chemicals and industrial waste" at the landfill site. While the plaintiffs characterize their allegations as a claim that the City disposed of toxic wastes at the site, at oral argument they conceded that they do not allege that the City disposed of waste but only that it accepted at the landfill wastes disposed of by others. This court ruled in connection with the 1998 motion to strike that storage of wastes is not the sort of ultrahazardous activity that is associated with causing damage even if precautions are taken. The plaintiffs now seek to characterize the maintenance of a landfill not as storage but as disposal, even though they do not allege that the City itself disposed of any toxic material on the site.
The court finds that the operation of a landfill is not an ultrahazardous activity giving rise to strict liability, as detailed in the 1999 ruling, and that the plaintiffs' amendments have added nothing to alter that analysis or conclusion. The motion to strike this count is granted.
Count 11 Trespass
This court previously denied the City's motion to strike the plaintiffs' claim of trespass. In its present challenge to the trespass count in the fifth amended complaint, the City cites a trial court ruling striking a claim of trespass. In Mather v.Birken Manufacturing Co., 23 Conn. L. Rptr. 13, 1998 WL 920267 (December 8, 1998), the court, Hennessey, J., granted a motion to strike a trespass claim where the plaintiff had failed to allege facts sufficient to support a finding that the defendant's invasion of the plaintiff's property was intentional. The court in that case concluded that the allegations did not indicate that the defendant's act was "done with knowledge that it [would] to a substantial certainty result in the entry of the foreign matter on the property" of the plaintiff. Mather v. Birken ManufacturingCT Page 1117Co., supra, 1998 WL 920267, p. 3.
By contrast, in this case the plaintiffs have alleged that the City was put on notice in 1987 by inspectors from the Environmental Protection Agency that the groundwater had been contaminated and that leaching from the unlined landfill would continue into the groundwater, and that the City was aware that the landfill is situated above an aquifer. An aquifer is an underground stream that flows under the land, and the plaintiffs thus allege, in effect, that operation of the landfill after knowledge of contamination of the groundwater posed a substantial likelihood of contamination of land affected by the aquifer.
The motion to strike the plaintiffs' trespass claim is again denied.
Courts 12 through 17 Nuisance
In counts Twelve through Seventeen, the plaintiffs allege that the City is liable for creating a nuisance, specifically, the release into the groundwater and soil and air of toxic and hazardous wastes from the Danbury landfill. In their Fifth Amended Complaint, unlike the prior complaint, the plaintiffs plead factual allegations that, if proven, could support a finding that the City continued to create and/or maintain the conditions complained of after learning the likely effects of the activities at issue. (See paragraph 371-372). Contrary to the City's view, these factual allegations include knowledge by the City that wastes had entered the groundwater. The allegation that the unlined landfill lay on an aquifer is sufficient to support an inference of knowledge of likely harm to properties affected by that aquifer.
The nuisance claim was stricken from the prior complaint for failure to allege facts that would support a finding that the failure to respond to reports of conditions affecting the property of others was the equivalent of a "positive act" within the holding of Keeney v. Old Saybrook, 237 Conn. 135, 165-66
(1996). The plaintiffs have now remedied that deficiency.
The City claims in its motion that a further reason to strike the nuisance claims is that an additional element of intent to cause an intrusion on to surrounding properties is required. The Connecticut Supreme Court stated in Elliott v. Waterbury,245 Conn. 385, 421 (1998): "Finally, in order to overcome the CT Page 1118 governmental immunity of municipal defendants where it applies, the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance." The reference to "intent," taken by the City as creating a new requirement for a cause of action in nuisance against a municipality, is more accurately read as merely synonymous with the longstanding requirement that the condition claimed to constitute a nuisance must be the result of a positive act in creating the condition, as distinguished from an omission. See Hoffman v. Bristol, 113 Conn. 386, 390-92 (1931); Prifty v.Waterbury, 133 Conn. 654 (1947); Wright v. Brown, 167 Conn. 464,470 (1975).
In Keeney v. Old Saybrook, supra, 237 Conn. 165-66, the Supreme Court amended the law of nuisance claims against municipal defendants only by recognizing that a steadfast refusal to change a situation known to cause an intrusion on the property of others satisfied the requirement of a showing of a "positive act," since the prolonged continuation of the status quo with knowledge of the results evidenced a choice by the town to let the condition exist. The distinction after Keeney is between conditions caused by the failure of a municipality to remedy an intrusion unexpectedly created by others and conditions that are, in effect, adopted as the acts of the municipality after prolonged knowledge of their effect or likely effect on the property of others, after an opportunity to pursue some other course than maintaining the condition created. The former are omissions: failure to remedy conditions created by others, and do not support a cause of action against a municipality for having created a nuisance; the latter are positive acts that support a cause of action in nuisance.
The Supreme Court in Keeney v. Old Saybrook, supra,237 Conn. 165, noted that "a municipality may be liable for nuisance it creates through its negligent misfeasance or nonfeasance even if that misfeasance or nonfeasance also constitutes negligence." This statement specifically negates any implication that in order to be liable in nuisance a municipality must have acted intentionally, rather than negligently, in the creation of the condition claimed to constitute a nuisance.
In using the term "intent" in Elliott v. Waterbury, supra,245 Conn. 385, the Supreme Court did not announce that it was departing from the longstanding principle that a cause of action in nuisance against a municipality could arise from a positive CT Page 1119 act that was merely negligent and that henceforth only intentionally-caused conditions would give rise to a nuisance claim against a municipality. Instead, the Court in Elliott cited with approval the cases cited above, signaling an intent to apply, not alter the standards they delineate for this cause of action. In applying the principles it had discussed, the Court inElliott found that the town of Morris had no role in deciding that hunting could take place on the road at issue, defeating the claim that hunting in the area, the condition claimed to constitute a nuisance, was the result of a positive act by the town of Morris. Though the use of the word "intentional" to explain "positive act" creates the appearance adoption of the adoption of a new standard, the Court's actual ruling on the nuisance claim in Elliott turns on whether the claimed nuisance resulted from an act of the town, not whether the town intended an intrusion.[1]
The only ground stated in the motion to strike regarding Counts Twelve through Seventeen is the absence of allegations establishing intent to cause an intrusion or cause damage. Having found that allegations of intentional conduct are not a required element of the cause of action in nuisance against a municipal defendant, and that the factual allegations of the present complaint remedy the omissions identified in the court's January 6, 1999 ruling on the motion to strike the nuisance counts, the court hereby denies the motion to strike these claims.
Conclusion
The motion to strike is granted as to Counts 4, 5 and 8 and denied as to Count 11, 12 13, 14, 15, 16 and 17.
Beverly Hodgson Judge of the Superior Court