DOMENIC CARABETTA *v.* CITY OF MERIDEN

DALY, C. J., BALDWIN, KING, MURPHY and SHEA, Js.

Argued May 7—decided June 10, 1958

*Snow G. Munford,* for the appellant (defendant).

*Samuel H. Platcow,* with whom was *Francis R. Danaher,* for the appellee (plaintiff).

BALDWIN, J. This action is grounded upon nuisance. The term "nuisance" defies concise definition suitable for general use. It has been called "a catch-all of ill-defined rights." *Gonchar* v. *Kelson,* 114 Conn. 262, 271, 158 A. 545. The essential element of the concept of nuisance is a continuing inherent or natural tendency to create danger and inflict injury. *Laspino* v. *New Haven,* 135 Conn. 603, 604, 67 A.2d 557; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499. Whether this element is present depends upon all the pertinent circumstances of a given situation. *Balaas* v. *Hartford,* 126 Conn. 510, 514, 12 A.2d 765. Actions against public authorities founded upon nuisance and claiming recovery for personal injuries or property damage fall into three general classes:

(1) nuisances which result from conduct of the public authority in violation of some statutory enactment; (2) nuisances which are intentional in the sense that the creator of them intended to bring about the conditions which can be found as a fact to constitute a nuisance; and (3) nuisances which have their origin in negligence, that is, in the failure of the creator of the conditions constituting a nuisance to exercise due care. *Beckwith* v. *Stratford,* 129 Conn. 506, 510, 29 A.2d 775. Nuisances in the first two classes are generally referred to in our opinions as absolute nuisances. Such cases as *Hoffman* v. *Bristol,* 113 Conn. 386, 393, 155 A. 499, *DeLahunta* v. *Waterbury,* 134 Conn. 630, 640, 59 A.2d 800, and *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501, are illustrative of nuisances which were held to be absolute. See 2 Harper & James, Torts, p. 1224; *Starkel* v. *Edward Balf Co.,* 142 Conn. 336, 341, 114 A.2d 199. As to these, contributory negligence is not a defense. *Beckwith* v. *Stratford,* supra, 511; *DeLahunta* v. *Waterbury,* supra; see *Starkel* v. *Edward Balf Co.,* supra. Parenthetically, wanton, wilful or reckless misconduct of the injured person which materially increased the probability of injury and contributed to it, or assumption of the risk of probable injury, is a good defense. See *Starkel* v. *Edward Balf Co.,* supra, 342, and cases cited therein. The third class of nuisances is found in such cases as *Capozzi* v. *Waterbury,* 115 Conn. 107, 110, 160 A. 435, *Bush* v. *Norwalk,* 122 Conn. 426, 428, 189 A. 608, *Bacon* v. *Rocky Hill,* 126 Conn. 402, 410, 11 A.2d 399, *Warren* v. *Bridgeport,* 129 Conn. 355, 358, 28 A.2d 1, and *Prifty* v. *Waterbury,* 133 Conn. 654, 658, 54 A.2d 260, wherein it was determined as an issue of fact that the conditions causing the injury constituted a nuisance arising out of the negligent

conduct of the defendant. See *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 A.2d 879. As to these, contributory negligence, if proven, is a good defense.

The original complaint in the case at bar alleged in substance that the defendant had "created" a traffic stanchion which, "illegally and in violation of the law," it caused "to be placed on the traveled portion of the sidewalk" on a public street, and that, so placed, the stanchion was a continuing danger to the persons using the sidewalk. The defendant pleaded what was in effect a general denial and a special defense alleging contributory negligence. The plaintiff demurred to the special defense on the ground that its allegations did "not constitute a defense to an action for the creation and maintenance of a nuisance in violation of law." The trial court sustained the demurrer, and the defendant filed an amended answer which eliminated the special defense. The plaintiff then amended his complaint, and the defendant filed another answer again setting up the defense of contributory negligence, to which the defendant again demurred, and the court again sustained the demurrer. The case was tried to a jury upon an amended complaint, which contained, in addition to the allegations heretofore noted, a further allegation that the stanchion "was a nuisance created and maintained by said Defendant on the traveled portion" of the sidewalk. The jury returned a verdict for the plaintiff.

The allegations of the original and amended complaints purport to state a cause of action based on nuisance. They do not limit the plaintiff to proof of an absolute nuisance. The defendant in pleading to these complaints was entitled to assume that the court would accord to their allegations a construction which would admit evidence tending to establish

a cause of action for absolute nuisance or nuisance arising from negligence, as hereinbefore defined. *Rutt* v. *Roche,* 138 Conn. 605, 609, 87 A.2d 805; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224. Under these circumstances, the defendant was within its rights in pleading a general denial and a special defense of contributory negligence. The defendant was entitled to the opportunity of maintaining its special defense until it appeared from the evidence offered at the trial that the nuisance was absolute rather than one arising in negligence. *Warren* v. *Bridgeport,* 129 Conn. 355, 360, 28 A.2d 1. By the sustaining of the demurrers, the defendant was deprived of this defense before the facts were established by the evidence. It has properly assigned error in the court's rulings upon the demurrers. *Scott* v. *Scott,* 83 Conn. 634, 636, 78 A. 314; Maltbie, Conn. App. Proc., p. 76.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.