Prior to August 4, 1957, the defendant made an excavation about twenty-four square *Page 369 
feet in area in the traveled portion of the south side of Asylum Avenue, Hartford. The excavation was approximately eight to ten feet from the southerly curb and extended northerly about eight to ten feet. Asylum Avenue at that point is forty feet wide, and approximately twenty-six to thirty feet of the traveled portion of the highway to the north was unexcavated. The defendant placed barricades and lighted lanterns to the east and west of the excavation.
At about 1 a.m. on August 4, 1957, an unidentified woman drove her automobile into the excavation, pushing a portion of the westerly barricade into the excavation as well as one or more of the lanterns and disassembling the remaining portion of the westerly barricade, scattering it near the southerly curb and extinguishing all the lanterns. The woman's automobile was removed from the excavation by casual passers-by. Neither the defendant nor the Hartford police department was notified of this accident. The lanterns and barricades were not replaced. Sometime between 2 a.m. and 3 a.m., on the same morning, the plaintiff drove his automobile in an easterly direction on Asylum Avenue, approaching the area of the excavation at a speed of approximately thirty miles per hour. He first noticed the excavation when he was from eight to ten feet away from it. He applied his brakes and reduced his speed to ten miles per hour but made no effort to turn to the left to avoid the excavation. The front end of his ear went into the excavation. At the time of this occurrence, there was a lighted street lamp at the southerly curb about ten feet east of the excavation. The traffic conditions were very light.
As a special defense to the first count of the complaint, the defendant pleaded contributory negligence. To this plea the plaintiff demurred on June *Page 370 
26, 1958, setting out that contributory negligence is not a defense to the plaintiff's claim that the defendant had created a nuisance on a public highway. The matter was heard on April 3, 1959, and the demurrer was overruled. As his first assignment of error, the plaintiff claims error in the overruling of the demurrer.
The complaint alleged that damage to the plaintiff's automobile was caused because the defendant created a nuisance on the public highway. Under these allegations, proof of either an absolute nuisance or one arising from negligence could have been made. As to the latter, contributory negligence, if proven, is a good defense. The defendant was within its rights in pleading a general denial and a special defense of contributory negligence. It was entitled to the opportunity of maintaining its special defense until it appeared from the evidence offered at the trial that the nuisance was absolute rather than one arising in negligence. Carabetta v.Meriden, 145 Conn. 338, 342; Warren v. Bridgeport,129 Conn. 355, 360. The demurrer was properly overruled.
The plaintiff claims as his second assignment of error the conclusion by the trial court that the excavation was not an absolute nuisance or a nuisance made by the defendant's negligent failure to guard.
It is well settled that apart from nuisances which have their origin in accident, nuisances resulting in personal injury or property damage fall into three general classes. One class includes nuisances which result from conduct which is in itself a violation of law. As to these, contributory negligence is not a defense. This type of nuisance is not presently under consideration. The second type includes nuisances which are intentional in the sense that the creator of them intended to bring about the *Page 371 
conditions which are in fact found to be a nuisance. This is the class of nuisance characterized as "absolute," and against it contributory negligence is not a defense. Beckwith v. Stratford, 129 Conn. 506,511; DeLahunta v. Waterbury, 134 Conn. 630, 640. Where the essence of the wrong is conduct which is intentional, as the word is used herein, that conduct goes beyond the mere lack of proper care. Had the defendant caused the excavation and had it made no effort to place barricades around it, the situation might be construed under the definition of "absolute" nuisance. Such, however, was not the case, as the trial court has determined and as a search of the record discloses. The third class of nuisance is found in cases wherein it is determined as an issue of fact that the conditions causing the injury constituted a nuisance arising out of the negligent conduct of the defendant. Carabetta v.Meriden, 145 Conn. 338, 340.
"Ordinarily a conclusion of negligence or of freedom from it is one of fact. The reason is that `the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier. . . .' Farrell v.Waterbury Horse R. Co., 60 Conn. 239, 250." Skovronski
v. Genovese, 124 Conn. 482, 483. The standard of care required of the defendant is that which a reasonably prudent person would have exercised under those peculiar conditions. Deutsch v. LaBonne,111 Conn. 41, 44. The trier, in finding as a fact that the defendant barricaded the excavation with a number of barricades on the east and west sides of the excavation and that there were not less than four lighted lanterns on these barricades, could fairly reach the conclusion that the defendant had taken every reasonable precaution, in setting up barricades *Page 372 
and warning lanterns east and west of the excavation, which an ordinarily prudent person would take under the circumstances. The determination of these facts is not reviewable unless the conclusion drawn by the trier is one which cannot reasonably be made. Bachmann v. Reardon, 138 Conn. 665,667. such is not the case here.
In his third assignment of error, the plaintiff alleges that the trial court erred in ruling that the intervening act of the woman was the proximate cause of the plaintiff's accident.
The trier found as a fact that an unidentified woman operator of a 1954 or 1955 Buick automobile crashed her motor vehicle through the barricades. This action pushed some barricades into the excavation, disassembled other portions, broke others and threw some barricades down. At the same time, all the lanterns were broken or otherwise extinguished. Casual passers-by helped this unidentified woman to remove her car from the excavation, and she drove it away from the scene, leaving neither barricades nor lights.
Whether an injury following a negligent act is caused by this act depends upon whether it is traceable in causal relation to the tortious act. Or, expressed in another form, was this act a substantial factor in causing this later injury? Mahoney
v. Beatman, 110 Conn. 184, 197. The trial court determined that the act of the unidentified woman was a substantial factor in causing the injury to the plaintiff. This is a conclusion based upon facts, and the facts are for the trier to decide.
The plaintiff further claims that the trial court erred in holding that the defendant was not negligent and in finding for the defendant. The obligation is upon the plaintiff to establish that the defendant was, in fact, negligent, for the plaintiff *Page 373 
must sustain the burden of proof. The trial court found that the defendant had no notice of the creation of the conditions encountered by the plaintiff, that it did not contribute to the creation of these conditions, and that there was no absence of due care on the part of the defendant. These are conclusions which may properly be made from the facts, particularly when the plaintiff, whose obligation it was to do so, submitted no other facts from which the trier could draw any other conclusion.
It should be noted that the plaintiff indicates five principal issues to be argued in his brief, but has failed to argue one of them either orally or in his brief, and it must therefore be treated as abandoned.Marchlewski v. Casella, 141 Conn. 377, 378; see Maltbie, Conn. App. Proc. § 327; Practice Book § 455; Cir. Ct. Rule 7.51.1.
 There is no error.
In this opinion CASALE and CICALA, Js., concurred.