ANDREW JACKO *v*. CITY OF BRIDGEPORT

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 85794
AT BRIDGEPORT

Memorandum filed July 22, 1965

*Helen F. Krause* and *Bernard Green,* of Bridgeport, for the plaintiff.

*Hugh C. Curran* and *John J. McGuinness,* of Bridgeport, for the defendant.

GRILLO, J.   The plaintiff's complaint is in two counts.  The allegations of the first count are fundamentally framed to set forth a cause of action based on the so-called defective highway statute, General Statutes § 13a-149—although paragraph four would seem to provide a basis for a claim of negligence.  This paragraph will be alluded to hereafter.

The defendant has denied the essential allegations of the plaintiff's complaint and has proffered four special defenses to both counts: assumption of risk; contributory negligence; governmental immunity; in a separate paragraph (No. 2), separate and distinct from the other pleaded defenses, the defendant has alleged that the "plaintiff's injuries . . . were caused by his own fault in that his conduct was such as to be equivalent to invitation of injury or, at least, indifference to consequence." The plaintiff insists that these defenses are inapplicable to the second count, it being his contention that this count sounds only in absolute nuisance, and he has demurred to them.

Even as against an absolute nuisance—a nuisance which is intentional in the sense that its creator intended to bring about the conditions found to

constitute a nuisance—assumption of risk may be a defense. *Beckwith* v. *Stratford,* 129 Conn. 506, 514. While contributory negligence is not a good defense to a cause of action proven to be grounded on absolute nuisance, still if the fault is so extreme as to be equivalent to invitation of injury or indifference to consequences, such conduct would bar recovery. *Hoffman* v. *Bristol,* 113 Conn. 386. "[W]anton, wilful or reckless misconduct of the injured person which materially increased the probability of injury and contributed to it, or assumption of the risk of probable injury, is a good defense." *Carabetta* v. *Meriden,* 145 Conn. 338, 340. This is the rule of law which the defendant seeks to invoke under paragraph two of its special defense.

While a municipality, in an action relating to an absolute nuisance, may not shield itself from liability on the basis of contributory negligence or governmental immunity (see *Parker* v. *Hartford,* 122 Conn. 500, 504; *DeLahunta* v. *Waterbury,* 134 Conn. 630, 634), there are other factors involved in the plaintiff's pleadings that justify the defendant's defenses in their entirety. The allegations of the second count of the complaint are practically a reiteration of the first count of the complaint, with the addition of the catchall phraseology designed to state a cause of action grounded on absolute nuisance. Paragraph four of both counts alleges neglect on the part of the defendant to take "any action to remedy said defective condition," a reference to the alleged broken, cracked and raised sidewalk.

The allegations of the second count do not limit the plaintiff to proof of an absolute nuisance only. They are susceptible of a construction which would admit evidence tending to establish a cause of action for both an absolute nuisance and one arising from negligence. The defendant, therefore, was entitled

to plead all the defenses to which the demurrer is addressed. If the evidence at the trial establishes the nuisance to be absolute rather than one arising in negligence, the court can take appropriate action relative to the nonapplicability of any of the defenses. However, until that contingency occurs, the defendant is entitled also to maintain its defenses not applicable to an absolute nuisance, i.e., contributory negligence and governmental immunity. *Hoffman* v. *Bristol,* supra, 391; *Aerotic Corporation* v. *Greenwich,* 138 Conn. 116, 120; *Carabetta* v. *Meriden,* supra.

The demurrer is overruled in toto.