## Peter V. Gangi et al. *v.* Sears, Roebuck and Company et al.

Superior Court      New Haven County      File No. 136244

Memorandum filed March 19, 1976

*Hadden, Taylor & Knott,* for the plaintiffs.

*Cotter, Cotter & Sohon,* for the defendants.

Grillo, J. To this action sounding in strict products liability in tort, the defendants have proffered, succinctly stated, the following special defenses: (a) The plaintiff's injuries were caused by his own negligence;[1] (b) the plaintiff assumed the risks

---

[1] "At the time of the acts complained of in the complaint the plaintiff, himself, was negligent and such negligence was the direct and proximate cause of any injuries and damages alleged to have been sustained by him in that he inserted his hand into the discharge shoot while the motor on said piece of equipment was still running;

inherent in his using the equipment;[2] (c) the plaintiff himself was misusing the article involved—lawn equipment.[3]

The Gordian knot, pleadingwise, which this court is required to untie, has its origin in the fact that the wording of the first special defense and the phraseology of the third special defense are quite similar. Conceding that the first special defense, contributory negligence, is unsound in a strict tort liability action, the defendants have now withdrawn that defense. The plaintiff contends that since the third special defense is merely a reiteration of the first special defense, it is likewise invalid and that, therefore, his demurrer thereto should be sustained.

"Similar" means having general likeness although allowing for some degree of difference. *McLaughlin v. Poucher*, 127 Conn. 441, 446. While at first blush the language of the two defenses here seems strikingly alike, some degree of difference exists and is cardinal. In the third special defense the defendants have avoided the pleading infirmity to which their first special defense succumbed by omitting any reference to the plaintiff's negligence and asserting that the plaintiff was *misusing* (emphasis added) the piece of equipment.

---

in that he failed to shut off said piece of equipment before or prior to inserting his hand into the discharge shoot; in that he failed to read and comply with the directions for the operation of said equipment."

[2] "At the time of the acts complained of in the complaint the plaintiff was aware of or should have been aware of the perils and damages to which he was exposed while inserting his hand into the discharge shoot of said equipment while the motor was still running, and having such knowledge he assumed all the risks and dangers and hazards therein."

[3] "At the time of the acts complained of in the complaint the plaintiff, himself, was misusing said piece of equipment in that he inserted his hand into said discharge shoot while the motor was still running; in that he failed to shut the motor off before inserting his hand into said discharge shoot; in that he failed to read the directions for operating said piece of equipment."

While it may rightfully be maintained that a failure to exercise due care, the orthodox contributory negligence defense, does not relieve a defendant of liability in the present type of action, nevertheless "the kind of negligence which consists of proceeding voluntarily to encounter a known unreasonable danger and which tends to overlap the defense of assumption of risk, will relieve the defendant of liability." Prosser, Law of Torts (4th Ed.) § 102, p. 671, and cases cited therein. "Defendants have achieved somewhat greater success with the argument that the plaintiff's use of the product with notice of its defect constituted a bar to recovery. Thus, a defense to a strict products liability in tort action has been sustained or regarded as sustainable under the circumstances of a number of cases . . . ." Note, "Strict Products Liability—Defenses," 46 A.L.R.3d 240, 245.

Under the artful allegation set forth in the third special defense, that averment is legally sufficient as a basis for the presentation of proof that the plaintiff's conduct was so extreme as to be equivalent to an invitation of injury and thus to preclude recovery. See *Beckwith* v. *Stratford*, 129 Conn. 506, 514. The attacked allegation might conceivably be productive of evidence displaying wilful or reckless misconduct on the part of an injured person defeating recovery. *Starkel* v. *Edward Balf Co.*, 142 Conn. 336, 341. To state the proposition differently, the *use* (emphasis added) might be such that it could not reasonably have been foreseen by the manufacturer. *Brackett* v. *Johnson*, 29 Conn. Sup. 104. While it is appreciated that the latter case is a warranty action, nevertheless, the proposition asserted would seem to be applicable to a products liability tort action also. As a pragmatic example, if a backwoodsman uses a sharp hunting and fishing knife to shave instead of putting it to its ordinary use and

then cuts his throat, it is highly inconceivable that under those circumstances the manufacturer would not be entitled to a defense of misuse of the instrument. The situation may be conducive to proof that the accident resulting in the injury would have happened whether the act or omission complained of by the plaintiff had occurred, i.e., the claimed unsafe lawn equipment. *Kinderavich* v. *Palmer,* 127 Conn. 85, 89.

Obviously at this state of the proceedings the court cannot determine whether the alleged misuse of the equipment is in the category of wilful or reckless misconduct or an invitation of injury or whether the misuse, if any there was, involved a garden variety type of negligence which would not insulate the defendants from liability. Therefore, the court has deemed it justifiable to adopt the procedure sanctioned in *Carabetta* v. *Meriden,* 145 Conn. 338, 342, of allowing the third special defense to remain, with the defendants being allowed the opportunity of maintaining that special defense until it appears at the trial from the evidence offered that that defense is invalid in this action.

The plaintiff has also demurred to the second special defense, that purports to advance a defense of assumption of risk, on the ground that an allegation that "the plaintiff was aware or should have been aware of the perils and damages to which he was exposed" as a matter of law does not plead the defense of assumption of risk. The plaintiff insists that the danger must actually be known to the injured party. We disagree.

A defendant must prove that a plaintiff comprehended or as a reasonable person ought to have comprehended the nature and extent of the peril to which he was exposed and that he therefore continued to expose himself to it. *Paul* v. *Paul,* 137

Conn. 347, 349. (Coincidentally, it is noted that counsel appearing in the instant case were the same that appeared in the above cited case, although assuming representation opposite to that taken in this case.) "Assumption of risk is available as a defense only when a plaintiff has, or ought to have, knowledge and comprehension of the particular peril to which he is exposed and thereafter continues of his own volition to subject himself to that peril." *Doe* v. *Saracyn Corporation*, 138 Conn. 69, 77.

The demurrer to the second and third special defenses is overruled.