[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE THE SPECIAL DEFENSE
The plaintiff Dorothy Samela was injured in a fall down a flight of stairs which she alleges was owned or controlled by the defendants. Her complaint[1] alleges two counts against each defendant: one in negligence, and one in nuisance. The defendants have answered and filed a single special defense of contributory negligence.
The plaintiff moves to strike the special defense as to the second and fourth counts which allege nuisance, claiming that contributory negligence is not a defense to nuisance.
The complaint of the plaintiff, while found legally sufficient,[2] is somewhat imprecise in its allegations concerning nuisance. The facts alleged in the second and fourth count could serve to support a cause of action in absolute nuisance — that kind which was intentionally brought about, or negligent nuisance — that kind which was brought about by the failure to exercise CT Page 7845 due care. Beckwith v. Stratford, 129 Conn. 506, 510-11 (1942). Contributory negligence is not a defense to the former but may be to the latter. Kostyal v. Cass, 163 Conn. 92, 97-98 (1972).
The defendants are entitled to the opportunity of maintaining their special defense unless and until it appears from the evidence that the nuisance was absolute rather than one arising in negligence. Carabetta v. Meriden, 145 Conn. 338, 342 (1958).
PATTY JENKINS PITTMAN, J.