[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Issue and Submission
CT Page 6930
Whether the plaintiff's motion to strike the defendant's second special defense should be granted.
Facts
By a second amended six-count complaint filed April 8, 1994, the plaintiff, Richard D. Johnson, commenced this action against the defendant, Charles B. Nickell. The plaintiff alleges that on January 4, 1993, the plaintiff and the defendant were involved in an automobile accident that occurred on Route 32 in Waterford, Connecticut. In count five of the plaintiff's second amended complaint, the plaintiff alleges that the defendant's conduct constitutes an absolute nuisance.
On May 2, 1994, the defendant filed an answer and two special defenses. In his second special defense, the defendant alleges, inter alia, that with regard to the allegations contained in count five of the plaintiff's second amended complaint, the plaintiff assumed the risk of involved in the accident. On May 23, 1994, the plaintiff filed a motion to strike the defendant's second special defense and an accompanying memorandum of law. The plaintiff argues that the doctrine of assumption of the risk is not a defense to the absolute nuisance alleged in this case. Thus, the plaintiff argues that the defendant's second special defense should be stricken.
On June 6, 1994, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike the defendant's second special defense. The defendant argues that because the doctrine of assumption of the risk is a valid defense to an allegation of absolute nuisance, the plaintiff's motion to strike should be denied.
Discussion
A motion to strike is the proper vehicle by which to test the legal sufficiency of a special defense. Practice Book § 152(5). The motion to strike admits all facts well pleaded.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Groton v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Upon CT Page 6931 deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991).
In order to prevail on a claim of nuisance, a plaintiff must prove that:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages.
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197, 602 A.2d 1011 (1992), quoting State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183, 527 A.2d 688
(1987). Where absolute public nuisance is alleged, the plaintiff must additionally prove "(1) that the condition or conduct complained of interfered with a right common to the general public; and (2) the alleged nuisance was absolute, that is that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance." (Citations omitted.) State v.Tippetts-Abbett-McCarthy-Stratton, supra, 183.
The plaintiff argues that the doctrine of assumption of the risk is not a defense to an absolute nuisance when such absolute nuisance is based on conduct that is a violation of statutory law enacted for the plaintiff's protection. Count five of the plaintiff's second amended complaint, however, contains no allegation of a statutory violation. The doctrine of assumption of the risk is a valid defense to an allegation of absolute nuisance. Carabetta v. Meriden,145 Conn. 338, 340, 142 A.2d 727 (1958); Starkellv. Edward Balf Co., 142 Conn. 336, 372, 114 A.2d 199 (1955); Murphy v.Ossola, 124 Conn. 366, 372, 199 A. 648 (1938), Welz v.Manzillo, 113 Conn. 674, 683, 155 A. 841 (1931). Thus, because the doctrine of assumption of the risk is a valid defense to an allegation of absolute nuisance, the plaintiff's motion to strike is hereby denied. CT Page 6932