[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case and its companion, Ann Avery v. The CongregationalChurch of Green's Farms, CV93 308857 (Superior Court, Fairfield Judicial District), involves personal injuries to the plaintiff, Ann B. Avery, resulting from a headstone falling over and pinnning [pinning] her to the ground while she was visiting her husband's grave on November 12, 1991. The complaint alleges negligence, absolute public nuisance, and absolute private nuisance against the Boy Scouts of America; the Fairfield County Council of the Boy Scouts of America; John Berry, the troop leader; John Krause, a boy scout; Helmuth Krause, his father; and Lillian Krause, his mother.
Plaintiff's amended complaint alleges that as a boy scout project, John Krause suggested that he and his fellow boy scouts clean up and improve the appearance of the cemetery owned and controlled by the Congregational Church of Green's Farms. The plaintiff alleges that John Krause, his parents and the other boy scouts negligently raised the headstones up off the ground where they rested and propped the grave markers up with sticks and stones. The headstones were not properly attached to their bases CT Page 7053 and as such created both a public and a private nuisance because the headstones could and did fall over onto an invitee visiting the premises. The defendants, John Krause, Helmuth Krause, and Lillian Krause, have filed a motion (#116) to strike counts seven, eight and nine alleging absolute public nuisance and counts thirteen, fourteen and fifteen alleging absolute private nuisance against each defendant.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). See also Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980); Practice Book § 152. When ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon, supra, 170; Blancatov. Feldspar Corp. , 203 Conn. 34, 36, 522 A.2d 1235 (1987); King v.Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must also construe the facts in a light most favorable to the pleader. Gordon, supra, 170; Blancato, supra, 36. "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or cause of action, the . . . [motion to strike] must fail.'"Alarm Applications, supra, 545.
The defendants argue that the plaintiff was on private property owned by a third party at the time of the injury and that she was not exercising a public right at the time of her injury. In addition, she does not have a property interest in the cemetery. Since the cemetery was privately owned and controlled by the Congregational Church of Green's Farms, she cannot be exercising a public right by visiting it. Her injury occurred in connection with her relation to the Church, not in connection with her rights as a member of the public. She did not own the property where the injury took place. As such, she cannot, according to the defendant, assert a claim for either public or private nuisance as a matter of law.
The plaintiff, on the other hand, alleges that even if a cemetery is privately owned, when many small plots are sold and are for sale to the public, it should be regarded as public property. Plaintiff had a right to walk in the cemetery, and she was exercising that right as a member of the general public. CT Page 7054 Furthermore, she was the owner of a plot in the cemetery, and as an owner she acquired an easement, privilege, or license to enter the property. Thus, she had a property interest in the land sufficient to support a private nuisance claim.
A. Nuisance in General
Nuisance is the "catch-all of ill-defined rights." (Citations omitted.) Carabetta v. Meriden, 145 Conn. 338, 339, 142 A.2d 727
(1958). The four main elements of nuisance are: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries." Tomasso Brothers v. OctoberTwenty-Four, Inc., 221 Conn. 194, 197, 602 A.2d 1011 (1992); Statev. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183,527 A.2d 668 (1987); Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33,35-36, 404 A.2d 889 (1978); Kostyal v. Cass, 163 Conn. 92, 94,302 A.2d 121 (1972).
The courts in Connecticut have recognized various types of nuisance. Nuisances maybe absolute (intentional) or negligent and may be public or private. An absolute nuisance is one in which the creator of the nuisance intended the act which creates the condition that is the basis for the complaint. If the nuisance is absolute, the creator is strictly liable. DeLahunta v. Waterbury,134 Conn. 630, 633-63, 59 A.2d 800 (1948). See also Quinnett v.Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990); Beckwith v.Stratford, 129 Conn. 506, 510-11, 29 A.2d 775 (1942); Stewart v.Federated Department Stores, 4 Conn. L. Rptr. 67 (1991, Lewis, J.). A negligent nuisance arises out of a failure to exercise due care by the actor. "The only practical distinction between an absolute nuisance and one grounded in negligence is that contributory negligence is not a defense to the former, but may be as to the latter." Kostyal, supra, 98-99.
B. Absolute Public Nuisance — Counts Seven, Eight, and Nine
In addition to the four main elements of nuisance, in order to prove absolute public nuisance, the plaintiff must prove intentional conduct and a sixth element, violation of a public right. "[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the CT Page 7055 public by the invasion of its rights." Higgins v. ConnecticutLight Power Co., 129 Conn. 606, 611, 30 A.2d 388 (1943). See also Cimino v. Yale University, 638 F. Sup. 952 (D. Conn. 1986),Stewart v. Federated Department stores, supra, 69.
Cemeteries, whether public or privately owned, hold a unique status in Connecticut law. Cemeteries owned or operated by towns, cemetery associations, or ecclesiastical societies are governed by Chapter 368j of the General Statutes. See General Statutes § 19a-295
et. seq. General Statutes § 19a-312 (d), for example, states that any cemetery not maintained in accordance with Chapter 368j shall be deemed a public nuisance. Case law has also held that cemeteries are public. See Application of St. Bernard CemeteryAssociation, 58 Conn. 91, 95, 19 A. 514 (1889) ("Among the uses which are unquestionably public in their nature is the use of land for the burial of the dead."); Evergreen Cemetery Association v.New Haven, 43 Conn. 234, 241, 21 A.R. 643 (1875) ("The use of land for a burying ground is a public use . . ."); Avery v. TheCongregational Church of Green's Farms, 11 Conn. L. Rptr., No. 11, 354, 355 (1994, Fuller, J.).
For the purposes of a motion to strike, the plaintiff has sufficiently alleged an absolute public nuisance claim. Although the Congregational Church cemetery was privately owned, whether it was open to the public is a question of fact. Whether a use is public is to be determined on the peculiar circumstances of each case. Barnes v. New Haven, 140 Conn. 8, 15, 98 A.2d 523 (1953). Questions of fact are not determined on a motion to strike. Averyv. The Congregational Church of Green's Farms, supra, 355. The plaintiff has alleged all six elements necessary for an absolute public nuisance claim in paragraphs 27-30 of counts seven, eight and nine. "In judging a motion to strike . . . `it is of no moment that the [party] may not be able to prove [his] allegations at trial.'" (Citations omitted.) Levine v. Bess Paul Siegel HebrewAcademy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983). The motion to strike counts seven, eight and nine of the plaintiff's amended complaint is denied.
C. Absolute Private Nuisance — Counts Thirteen, Fourteen and Fifteen
For a claim of absolute private nuisance, the plaintiff must prove the four primary elements of nuisance plus intentional conduct and a sixth element of ownership. "A private nuisance exists only where one is injured in relation to a right he enjoys CT Page 7056 by reason of his ownership interest in land." Webel v. YaleUniversity, 125 Conn. 515, 525, 7 A.2d 215 (1939); Stewart v.Federated Department Stores, supra, 69. In addition, Connecticut law recognizes the ownership of burial plots. For example, General Statutes § 19a-315b(1)(A) provides that grave markers may not be removed or preserved without the consent of the "owner of the burial rights for the lot which such grave marker is placed." Thus, plaintiff may plausibly be viewed as having an ownership interest in her husband's plot at the cemetery.
For the purposes of a motion to strike, the plaintiff has alleged facts sufficient to support an absolute private nuisance claim. The plaintiff alleged all six required elements in paragraphs 27-30 of counts thirteen, fourteen and fifteen. Therefore, the motion to strike these counts is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28 day of July, 1994.
WILLIAM BURKE LEWIS, JUDGE