[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs, Richard D. Johnson and his wife, Ruth Johnson, brought this action by complaint filed June 11, 1993. The operative complaint is the Third Amended Complaint filed July 29, 1994. The plaintiff alleges that on January 4, 1993, the plaintiff and the defendant were involved in an automobile accident. The defendant's vehicle was in the median of route 32 in Waterford. This portion of route 32 is designated a limited access highway. Johnson, in count five of the third amended complaint, alleges absolute negligence based upon the defendant's violation of General Statutes §§ 14-238a and 14-301(c). These sections involve the illegal entry onto limited access highways and the failure to yield, respectively. The operative answer is the Amended Answer and Special Defenses filed May 2, 1994. The defendant asserts as his second special defense against the plaintiff's absolute nuisance claims (counts five and six), the defense of assumption of the risk. Presently before the court is the plaintiff's Motion to Strike the defendant's second special defense addressed to count five of the third amended complaint.
DISCUSSION
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985). "When a single special defense is subjected to a motion to strike, only the facts alleged by that special defense are accepted as true." CT Page 2605Alpha Crane Service v. Capitol Crane, 6 Conn. App. 60,504 A.2d 1376 (1986).
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint [special defense] and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint [special defense]." (Citations omitted, internal quotation marks omitted.)Forbes v. Ballaro, 31 Conn. App. 235, 238-39 624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint [special defense]."King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). "[I]f facts provable under the allegations would support a defense or a cause of action, . . . the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). "The court may not look outside the pleadings for facts not alleged." Malizia v.Anderson, 42 Conn. Sup. 114, 116 (1992).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985).
The plaintiff argues that the special defense of assumption of the risk is not available and is legally insufficient because the absolute nuisance is based on the defendant's violation of statutory law enacted for the benefit of the plaintiff. The defendant argues that assumption of the risk is a valid defense against a claim of absolute nuisance. Both parties have thoroughly briefed the issue and submitted supporting memoranda of law.
In 1933, the Connecticut Supreme Court stated "that, where a statutory duty exists, the maxim Volenti non fit injuria
[assumption of the risk] is not to be presumed to avail, or . . . would not apply at all where the injury arose from a direct breach by the defendant of a statutory obligation." (Citations omitted; internal quotation marks omitted.) L'Heureux v. Hurley,
CT Page 2606117 Conn. 347, 356-57, 168 A. 8 (1933).
The law in Connecticut, as articulated in L'Heureux, is that assumption of the risk is not a proper defense to an action alleging absolute nuisance predicated on statutory violations, if the statutes were enacted to protect the plaintiff.
This court (Hurley, J.) previously denied the plaintiff's first motion to strike the assumption of the risk special defense directed to the absolute nuisance count of the plaintiff's amended complaint. See Memorandum of Decision On Motion To Strike, filed July 21, 1994. This court based its decision on the fact that the plaintiff failed to allege a statutory violation enacted for the protection of the plaintiff. The law in Connecticut is that the doctrine of assumption of the risk is generally a valid defense to an allegation of absolute nuisance not alleging statutory violations. See Carabetta v. Meriden,145 Conn. 338, 340, 142 A.2d 727 (1958). The plaintiff amended his complaint to include an allegation of statutory violations and now moves this court to strike the special defense of assumption of the risk.
Accordingly, the defendant's second special defense of assumption of the risk addressed to the plaintiff's fifth count sounding in absolute nuisance predicated on statutory violations is hereby stricken and the plaintiff's Motion to Strike is granted.
Hurley, J.