[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 13, 1997
The plaintiff, Marie Ffolkes, commenced this action against the defendant, Theresa Pasko, to recover damages for personal injuries allegedly sustained in a motor vehicle accident in Pound Ridge, New York on September 6, 1995. The plaintiff alleges that she had slowed and stopped for another vehicle that was obstructing the lane in front of her, when her vehicle was struck from the rear by the defendant's vehicle. As a result of the defendant's negligence, the plaintiff claims to have suffered serious and permanent injuries. Although the accident occurred in New York, the plaintiff alleges that both she and the defendant are residents of Connecticut.
On November 6, 1996, the defendant filed an answer, denying the plaintiffs allegations of negligence, and two special defenses. In the first special defense, the defendant alleges that any injuries or damages sustained by the plaintiff were the proximate result of her own negligence. In the second special defense, the defendant alleges that the plaintiffs claims for personal injuries and economic losses are barred by New York's no-fault insurance law, New York Insurance Law § 5102 et seq.
On November 8, 1996, the plaintiff filed a motion to strike (#103) the defendant's second special defense on the ground that Connecticut's, rather than New York's, substantive law applies to the plaintiff s claims. In accordance with Practice Book § 155, the plaintiff filed a memorandum of law in support of this motion and the defendant filed a timely opposing memorandum.
"The purpose of a motion to strike is to contest . . .the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Waters v. Autuori 236 Conn. 820, 825,676 A.2d 357 (1996). A motion to strike is the proper procedural vehicle to test the legal sufficiency of a special defense in an answer. Practice Book § 152(5). "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). If facts provable under the allegations would CT Page 5056 support a defense or cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
Based on the holding in O'Connor v. O'Connor, 201 Conn. 632,519 A.2d 13 (1986), the plaintiff argues that Connecticut has abandoned the doctrine of lex loci delicti and, therefore, that the fact that the accident occurred in New York does not require the application of New York law. According to the plaintiff, the location of the accident in the present case was purely fortuitous, and because the plaintiff and defendant are both residents of Connecticut. Connecticut's interest in that occurrence is substantially greater than the interests of New York. Therefore, the plaintiff argues that the substantive law of the State of Connecticut should apply in this case and that the defendant's second special defense, which is based on New York law, is legally insufficient.
The defendant argues that the doctrine of lex loci delicti has not been abandoned in Connecticut and that the Connecticut Supreme Court has deviated from lex loci only under circumstances in which a "compelling reason" to do so exists. According to the defendant, New York, as the location of the accident, has the most significant relationship to the circumstances in the present case, and, therefore, New York's no-fault insurance law should apply.
In O'Connor v. O'Connor, 201 Conn. 632, 519 A.2d 13 (1986), the passenger of an automobile brought an action against the driver seeking damages for personal injuries allegedly sustained in an automobile accident. Both parties were domiciled in Connecticut but the accident occurred in Quebec, Canada. Relying on the doctrine of lex loci delicti, the trial court applied the law of Canada, which barred the plaintiffs action, and granted the defendant's motion to strike the plaintiffs complaint. The sole issue on appeal was "whether, under the circumstances of this case, an injured person may pursue a cause of action under Connecticut law to recover for allegedly tortious conduct that occurred in a jurisdiction where such a cause of action would not be permitted." Id., 633. The Connecticut Supreme Court expressly abandoned "categorical allegiance" to the doctrine of lex loci delicti in tort actions in favor of the "most significant relationship" analysis contained in §§ 6 and 145 of the Restatement Second of Conflict of Laws. Id., 648-50. CT Page 5057
Applying the choice of law analysis of §§ 145 and 6 of the Restatement to the facts in that case, the court in O'Connor
concluded that, where neither the victim nor the tortfeasor was a Quebec resident and the parties were merely "passing through" the province, the geographical location of the accident was purely fortuitous and Connecticut was the Jurisdiction "whose laws bear the most significant relationship to the controversy at hand."Id., 655-58. Because both the plaintiff and the defendant were residents of Connecticut and Quebec was simply the place of the injury, the court held that Quebec had "no interest in applying its no-fault act to bar the plaintiffs action." Id., 656. "Quebec's status as the place of the injury is not a significant contact for purposes of our choice of law inquiry in this case."Id.
In reaching its conclusion, the court noted that the guiding principles of the Restatement "encourage a searching case-by-case contextual inquiry into the significance of the interests that the law of competing jurisdictions may assert in particular controversies." Id., 658. Furthermore, the court emphasized that their conclusion should not be construed as a blanket endorsement of reliance on Connecticut law in all circumstances, and that they could "readily conceive of circumstances . . . in which the choice between the relevant jurisdictions would be much more problematic. For example, Quebec law would have been entitled to greater weight if the accident had involved a Quebec resident . . . or a unique configuration of Quebec roads . . . or if the defendant's negligent conduct, rather than the plaintiffs right to sue, had been at issue." (Citations omitted.) Id.,
657-58. See Williams v. State Farm Mutual Automobile Ins. Co.,229 Conn. 359, 641 A.2d 783 (1994) (applying the law of New York where the plaintiff was domiciled in Connecticut, but the accident occurred in New York and the defendant carried a California driver's license and registered his car in New York).
In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings. Novametrix MedicalSystems, Inc. v. BOC Group Inc., supra, 224 Conn. 215. The only allegations contained in the pleadings in this case that are relevant to the choice of law analysis are that the accident occurred in New York and that both the plaintiff and the defendant are residents of Connecticut. Based on the court's holding in O'Connor, these factors would point to the application of Connecticut law. CT Page 5058
Nevertheless, there appear to be additional factors which may be relevant to the court's choice of law analysis, but that are not contained in pleadings. In light of the "searching case-by-case contextual inquiry" that is encouraged under the Restatement, it would be inappropriate to decide the choice of law issue at this stage in the proceedings in the absence of a more complete set of facts. Instead, the defendant should be permitted to maintain her special defense until it appears that that defense is invalid. Gangi v. Sears Roebuck Co.,33 Conn. Sup. 81, 84, 360 A.2d 907 (1976), citing Carabetta v.Meriden, 145 Conn. 338, 342, 142 A.2d 727 (1958). See alsoKolpa-Acker v. Hertz Rent-A-Car, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 064111 (August 7, 1995) (Pickett, J.) (15 CONN. L. RPTR. 9) (the ultimate decision of which states law should be applied is best left to the trial judge); Siebold v. Hurley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 269217, 2 CONN. L. RPTR. 396 (September 11, 1990) (Thim, J.) (noting that it is unusual to determine a choice of law issue on a motion to strike).
Accordingly, without deciding the choice of law issue, the plaintiffs motion to strike the defendant's second special defense is denied.
KARAZN, J.