[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTUAL BACKGROUND
On March 2, 1998, by way of a request for leave to amend, the plaintiff, Cynthia DiMauro, the fiduciary and personal representative of the estate of Carissa Rose DiMauro, filed a wrongful death action against the estate of Peter E. Aiardo, Jr. The complaint alleges that the death of Carissa Rose DiMauro was proximately caused by the negligence and carelessness of Peter E. Aiardo, Jr. The complaint also alleges that the negligent conduct of Peter E. Aiardo, Jr. was in violation of several Florida statutory provisions regarding the operation of a motor vehicle. The plaintiff claims double and treble damages against the defendant's estate. CT Page 4310
On November 7, 1997, the representative of the defendant's estate, Jennie A. Aiardo (Aiardo), filed a motion to strike the plaintiff's claim for double and treble damages. Aiardo argues that the claim for multiple damages is legally insufficient. In her memorandum in support of the motion to strike, Aiardo argues that neither General Statutes § 14-295 nor the Florida Wrongful Death Act, §§ 768.16 through 768.27, provide for multiple damages. The plaintiff has filed a memorandum in opposition to the motion to strike
LEGAL DISCUSSION
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any pleading to state a claim upon which relief may be granted. Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). Where a choice of law issue is present on a motion to strike, as it is in the present case, it is unusual to determine the issue at this procedural stage.Ffolkes v. Pasko, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154395 (May 13, 1997, Karazin, J.) (19 Conn. L. Rptr. 442); Siebold v. Hurley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 269217 (September 11, 1990, Thim, J.) (2 Conn. L. Rptr. 396). The extensive case-by-case analysis encouraged by the Restatement in conflict of law cases cannot be accomplished if the complaint does not allege with specificity the respective interests of the states whose laws may apply to the plaintiff's case. See Ffolkesv. Pasko, supra, 443.
In the present case, it is alleged that the parties are residents of Connecticut, that the alleged automobile accident occurred in Florida, and that the operation of the vehicle was in violation of Florida rules of the road. "Nevertheless, there appear to be additional factors which may be relevant to the court's choice of law analysis, but that are not contained in the pleadings." Ffolkes v. Pasko, supra, 443. For example, the facts are sparse regarding the domicile of the alleged victim and the decedent tortfeasor; the relationship of the victim and the decedent tortfeasor; and the purpose of the alleged victim and the decedent tortfeasor being in Florida at the time of the accident. Cf. Williams v. State Farm Mutual Automobile Ins. Co.,229 Conn. 359, 641 A.2d 783 (1994) (applying law of New York where plaintiff was domiciled in Connecticut, but accident occurred in New York and defendant carried California driver's license and registered his car in New York); O'Connor v.CT Page 4311O'Connor, 201 Conn. 632, 519 A.2d 13 (1986) (applying Connecticut law where both parties were domiciled in Connecticut but accident occurred in Quebec, Canada). Therefore, this court cannot know from the pleadings which state's interests are more significant to the resolution of the present matter.
Since the court is unable to determine the respective interests of Connecticut and Florida the motion to strike the claim of multiple damages is procedurally inappropriate at the present time. Depending upon the law which the court applies, the motion to strike may produce different results. Under Connecticut law, the plaintiff may not have pleaded legally sufficient facts to support a claim for multiple damages, rendering the motion to strike proper.[1] Yet, her claim may be legally sufficient under Florida law, and thus the motion would be improper.[2]
Accordingly, the court will deny the motion to strike (#106) the claim of multiple damages without prejudice until more facts are alleged that indicate which law should apply.
So Ordered.
Michael Hartmere Judge of the Superior Court